IN RE APPLICATION OF KEITA.

[Cite as *In re Application of Keita* (1995), 74 Ohio St.3d 46.]

(No. 91–1266—Submitted July 12, 1995—Decided November 22, 1995.)

*Sammon & Bolmeyer Co., L.P.A.,* and *Frank G. Bolmeyer,* for applicant.

*Chester, Willcox & Saxbe, John J. Chester* and *Donald C. Brey,* Special Investigator, for the board.

*Per Curiam.* Applicants for admission to the Ohio Bar must establish by clear and convincing evidence that their prior conduct justifies the trust of clients, adversaries, courts and others with respect to the professional duties owed to them. An applicant's commission or conviction of a crime, failure to provide complete and accurate information concerning his or her past, and abuse of the legal process are factors that must be considered in assessing the sufficiency of the applicant's character, fitness, and moral qualifications for bar admission. A significant deficiency in the honesty, trustworthiness, diligence or reliability of an applicant is a basis for our disapproval of the applicant. Gov.Bar R. I(11)(D)(3) and (4).

Moreover, a prior felony conviction is not, *per se,* sufficient to show that an applicant presently lacks the moral character required to practice law. *In re Application of Davis* (1974), 38 Ohio St.2d 273, 275, 67 O.O.2d 344, 345, 313 N.E.2d 363, 364–365. "However, where such [conviction] appears in the background of an applicant for admission to the bar, his burden of establishing his present good moral character takes on the added weight of proving his full and complete rehabilitation subsequent to the conviction." Rehabilitation must also be proved by clear and convincing evidence. *Id.*

We agree with the board that Sundiata Keita cannot establish the character, fitness and moral qualifications necessary to practice law in this state. The board was legitimately reluctant to initially recommend approval of Keita's application in view of his significant criminal record; his apparent history of serious psychological problems; his repeated filing, with little or no justification, of discrimination charges or other claims; and his suspicious explanation of his reaction to the alleged attack of a female student. Upon remand, the psychiatrist appointed to evaluate Keita assured the board that Keita did not suffer from any psychiatric disorder. Even so, the board was still legitimately concerned that (1) Keita had not disclosed to the appointed psychiatrist the most sordid details of the armed robbery he committed in 1972; (2) Keita had been reluctant to accept unmitigated responsibility for his crime during at least one interview with the psychiatrist, even suggesting that armed robbery could be an appropriate response to ill treatment by another; (3) Keita had failed to reveal at the first panel hearing, but had confessed to the psychiatrist, his use of a belt to strike the female student who had allegedly attacked him; and (4) Keita had refused to responsibly acknowledge the basis for disciplinary measures he had received as a teacher, repeatedly rationalizing his conduct or raising procedural defenses to the imposition of discipline.

In evaluating Keita's psychological condition, the appointed psychiatrist confirmed that Keita had "engaged in passive-aggressive, antisocial, litigious, and impulsively aggressive behavior over the years." Moreover, Keita has been "unwilling to accept responsibility for questionable past behaviors and lapses in judgment." This behavior is manifested by the record, and we consider such enduring conduct ample justification for the board's findings and recommendation. Therefore, we adopt the board's report and deny Sundiata Keita's applications for admission to the Ohio Bar and to take the Ohio Bar Examination. Furthermore, we order that Keita be forever precluded from reapplying for the privilege to practice law in this state.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.