**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 46.]**

IN RE APPLICATION OF KEITA.

**[Cite as *In re Application of Keita*, 1995-Ohio-33.]**

*Attorneys at law—Application to register as candidate for admission to the practice of law—Application denied when applicant fails to prove his character, fitness and moral qualifications to practice law—Applicant forever precluded from reapplying for the privilege to practice law in Ohio.*

(No. 91-1266—Submitted July 12, 1995—Decided November 22, 1995.)

ON REPORT of the Board of Commissioners on Character and Fitness of the Supreme Court, No. 51.

———————————

{¶ 1} Sundiata Keita applied to register as a candidate for admission to the practice of law in Ohio on October 23, 1989. Pursuant to Gov.Bar R. I(10) (now Gov. Bar R. I[11]), two members of the Joint Admissions Committee of the Cleveland and Cuyahoga County Bar Associations ("Joint Admissions Committee") interviewed Keita in November 1989. At least one of the interviewers expressed reservations about Keita's prior criminal record and recommended further review by the entire Joint Admissions Committee, in effect, disapproving Keita's application. See Gov.Bar R. I(11)(E). Keita did not pursue available appeals, and the Joint Admissions Committee consequently recommended disapproval of Keita's application in February 1990.

{¶ 2} Keita subsequently applied to take the Ohio Bar Examination, filed a supplemental character questionnaire, and apparently requested a hearing before the Appeals Subcommittee of the Joint Admissions Committee ("Appeals Subcommittee"). The Appeals Subcommittee recommended approval of Keita's application; however, two of the nine participating committee members voted for

disapproval and, under committee rules, a third vote to disapprove would have required the Appeals Subcommittee to recommend disapproval.

{¶ 3} On August 2, 1990, the Board of Commissioners on Character and Fitness of the Supreme Court ("board") appointed a panel *sua sponte,* pursuant to Gov. Bar R. I(9)(B)(e) (now Gov. Bar R. I[10][B][e]), to investigate Keita's qualifications for admission to the Ohio Bar. The appointed panel heard the matter on November 27, 1990 and initially recommended that Keita be permitted to take the bar examination. However, upon further deliberation and review of the record, the entire board, including the panel members, unanimously recommended disapproval of Keita's application and that he not be permitted to reapply. As the basis for its determination that Keita did not possess the character and fitness necessary to practice law in Ohio, the board cited Keita's 1969 court-martial while serving in the United States Navy; his diagnosis as having a "passive-aggressive personality" disorder by Navy medical personnel and his subsequent psychological treatment; his criminal record as a civilian, which included a 1972 conviction for armed robbery and a seven-year prison term; his admission to having committed at least two other crimes in the course of the armed robbery—rape and sodomy—for which he was not convicted; his more recent pursuit of dubious civil claims; and his 1990 physical altercation with a student while employed as a teacher for Cleveland Public Schools.

{¶ 4} The board submitted its report and recommendation to this court for review on June 24, 1991. Due to unresolved issues concerning the condition of his psychological welfare, Keita was evaluated by a psychiatrist pursuant to court order. The resulting medical report raised additional concerns, most of which pertained to Keita's credibility and judgment. On the board's motion, the matter was remanded, and a second hearing was conducted before an appointed panel on May 4, 1993.

**{¶ 5}** The second panel found, among other things, that (1) Keita had not been honest and forthright with the psychiatrist who evaluated him, (2) Keita had not been honest and forthright with either the first or the second panel appointed to review his qualifications, and (3) Keita had engaged in litigious and impulsive conduct over a period of years that reflected adversely on his ability to exercise mature judgment. On February 17, 1995, the board unanimously agreed with the second panel's assessment and reaffirmed its prior recommendation that Keita's application be denied and that, pursuant to Gov.Bar R. I(12)(E), he not be permitted to reapply.

———————————

*Sammon & Bolmeyer Co.,L.P.A.* and *Frank G. Bolmeyer,* for applicant.

*Chester, Willcox & Saxbe, John J. Chester* and *Donald C. Brey*, Special Investigator, for the board.

———————————

***Per Curiam.***

**{¶ 6}** Applicants for admission to the Ohio Bar must establish by clear and convincing evidence that their prior conduct justifies the trust of clients, adversaries, courts and others with respect to the professional duties owed to them. An applicant's commission or conviction of a crime, failure to provide complete and accurate information concerning his or her past, and abuse of the legal process are factors that must be considered in assessing the sufficiency of the applicant's character, fitness, and moral qualifications for bar admission. A significant deficiency in the honesty, trustworthiness, diligence or reliability of an applicant is a basis for our disapproval of the applicant. Gov. Bar R. I(11)(D)(3) and (4).

**{¶ 7}** Moreover, a prior felony conviction is not, *per se*, sufficient to show that an applicant presently lacks the moral character required to practice law. *In re Application of Davis* (1974), 38 Ohio St.2d 273, 275, 67 O.O.2d 344, 345, 313 N.E.2d 363, 364-365. "However, where such [conviction] appears in the

background of an applicant for admission to the bar, his burden of establishing his present good moral character takes on the added weight of proving his full and complete rehabilitation subsequent to the conviction." Rehabilitation must also be proved by clear and convincing evidence. *Id.*

{¶ 8} We agree with the board that Sundiata Keita cannot establish the character, fitness and moral qualifications necessary to practice law in this state. The board was legitimately reluctant to initially recommend approval of Keita's application in view of his significant criminal record; his apparent history of serious psychological problems; his repeated filing, with little or no justification, of discrimination charges or other claims; and his suspicious explanation of his reaction to the alleged attack of a female student. Upon remand, the psychiatrist appointed to evaluate Keita assured the board that Keita did not suffer from any psychiatric disorder. Even so, the board was still legitimately concerned that (1) Keita had not disclosed to the appointed psychiatrist the most sordid details of the armed robbery he committed in 1972; (2) Keita had been reluctant to accept unmitigated responsibility for his crime during at least one interview with the psychiatrist, even suggesting that armed robbery could be an appropriate response to ill treatment by another; (3) Keita had failed to reveal at the first panel hearing, but had confessed to the psychiatrist, his use of a belt to strike the female student who had allegedly attacked him; and (4) Keita had refused to responsibly acknowledge the basis for disciplinary measures he had received as a teacher, repeatedly rationalizing his conduct or raising procedural defenses to the imposition of discipline.

{¶ 9} In evaluating Keita's psychological condition, the appointed psychiatrist confirmed that Keita had "engaged in passive-aggressive, antisocial, litigious, and impulsively aggressive behavior over the years." Moreover, Keita has been "unwilling to accept responsibility for questionable past behaviors and lapses in judgment." This behavior is manifested by the record, and we consider

such enduring conduct ample justification for the board's findings and recommendation. Therefore, we adopt the board's report and deny Sundiata Keita's applications for admission to the Ohio Bar and to take the Ohio Bar Examination. Furthermore, we order that Keita be forever precluded from reapplying for the privilege to practice law in this state.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., CONCUR.

————————————