**[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 322.]**

IN RE APPLICATION OF NERREN.

[Cite as *In re Application of Nerren*, 1997-Ohio-305.]

*Attorneys at law—Application to register as candidate for admission to the practice of law—Application denied when applicant fails to prove her character, fitness, and moral qualifications to practice law—Applicant forever precluded from reapplying for the privilege to practice law in Ohio.*

(No. 97-409—Submitted May 7, 1997—Decided August 6, 1997.)

ON REPORT of the Board of Commissioners on Character and Fitness of the Supreme Court, No. 144.

_____

{¶ 1} On January 25, 1996, the Wayne County Bar Association Admissions Committee ("committee") recommended that the application of Verni Owen Nerren ("applicant") for admission to the practice of law in Ohio be disapproved. The committee granted the applicant's April 4, 1996 request for a delayed appeal. On June 27, 1996, the Board of Commissioners on Character and Fitness of the Supreme Court ("board") appointed a panel to hear the matter.

{¶ 2} After hearings on November 12 and December 30, 1996, the panel concluded that the applicant had not shown by clear and convincing evidence her character and fitness to practice law in the state of Ohio. The panel came to its conclusion after finding that on December 19, 1990, the Supreme Court of Tennessee suspended applicant from the practice of law in Tennessee for four and one-half years plus an indefinite period because she had failed to timely file briefs and appear in court in two appeals in cases where she represented criminal defendants, she had represented clients with conflicting interests in violation of the Code of Professional Responsibility, and on four occasions she had failed to perform legal work for which she had been paid. The Tennessee Supreme Court

also ordered applicant to pay costs and to make restitution, both of which she has, so far, failed to do.

{¶ 3} The panel also found that applicant lied to a Tennessee court in a June 1992 motion to set aside an order awarding custody of her two children to her former husband. In the motion she represented that she was currently applying to practice law in Ohio, that she was preparing to take the certified public accountancy examination, that she was an internationally published writer, and that she was a member of the adjunct faculty of the University of Akron. No evidence supported any of these statements.

{¶ 4} The panel further found that in November or December 1994, applicant pled guilty in Ohio to the misdemeanor of falsification in connection with theft of welfare benefits. Thereafter, she was ordered to pay $3,533 in restitution to the Wayne County Department of Human Services, sentenced to six months in jail with all but ten days suspended, ordered to perform one hundred hours of community service, and placed on probation for three years. In January 1996 applicant was extradited to Tennessee, where she pled guilty to custodial interference and was sentenced to eleven months and twenty-nine days in jail. All of the sentence was suspended, and applicant was placed on probation to be served in Ohio, where, as noted, she was already on probation.

{¶ 5} When applicant came to Ohio from Tennessee, she represented to members of the Wayne County bar that she was admitted to practice in Tennessee, neglecting to add that she was under suspension in Tennessee. She was accepted into the Wayne County Bar Association on the basis of her representations, and asked to resign when her suspension was discovered.

{¶ 6} In addition, applicant was arrested in Shelby County, Tennessee on a bad check charge, was sued by a printing company for an unpaid debt, was held in contempt of the Chancery Court in Tennessee, and was jailed for contempt of the General Sessions Civil Court in Memphis, Tennessee. When applicant filed for

2

bankruptcy in April 1993, she falsely represented that her son was living with her. The applicant was also untruthful in defending a dependency action in Wayne County in November 1994, claiming that she, not her former husband, had custody of their son.

{¶ 7} The panel recommended that applicant not be allowed to take the bar examination to practice law in the state of Ohio and that she not be allowed to reapply until she has been restored to good standing as a lawyer in the state of Tennessee. The panel also recommended, *inter alia*, that Disciplinary Counsel investigate to determine whether applicant had engaged in the unauthorized practice of law while in Ohio.

{¶ 8} The board adopted the findings of the panel, but recommended that applicant be disapproved and not be permitted to reapply for admission.

––––––––––––––––––

*Charles A. Kennedy,* for Wayne County Bar Association.
*Verni O. Nerren, pro se.*

––––––––––––––––––

**Per Curiam.**

{¶ 9} As we said in *In re Application of Keita* (1995), 74 Ohio St.3d 46, 47, 656 N.E.2d 620, 622, "Applicants for admission to the Ohio Bar must establish by clear and convincing evidence that their prior conduct justifies the trust of clients, adversaries, courts and others with respect to the professional duties owed to them." Applicant's professional conduct which warranted her suspension from the practice of law in Tennessee, her personal conduct involving convictions for contempt and for falsification, and her lying to courts, together with blame of third parties for her personal failings, lead us to conclude that she has not met the burden of clearly and convincingly establishing that she has the character, fitness, and moral qualifications for admission to the bar of Ohio.

{¶ 10} We therefore accept the findings of the board. We also adopt the recommendation of the board that applicant not be allowed to take the Ohio Bar Examination. Furthermore, we order that Nerren be forever precluded from reapplying for the privilege of practicing law in this state.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____