**[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 158.]**

IN RE APPLICATION OF VANDENBOSSCHE.

[Cite as *In re Application of VanDenBossche*, 2000-Ohio-290.]

*Attorneys at law—Application to take Ohio Bar Examination denied when applicant has not met his burden of proving his present fitness to practice law in Ohio—Applicant prohibited from applying for any bar examination earlier than the February 2001 bar examination.*

(No. 99-1882—Submitted December 15, 1999—Decided February 23, 2000.)

ON REPORT of the Board of Commissioners on Character and Fitness of the Supreme Court, No. 189.

_____

{¶ 1} On June 2, 1998, Achille Craig VanDenBossche of Avon Lake, Ohio, applied for admission to the practice of law in Ohio. As required by Gov.Bar R. I(11)(C)(3), two members of the Lorain County Bar Association Admissions Committee interviewed VanDenBossche. In January 1999, the admissions committee recommended that VanDenBossche's application be approved with qualifications, which under Gov.Bar R. I(11)(F)(1) operated as a recommendation that VanDenBossche not be admitted to practice law in Ohio. The committee based its decision on VanDenBossche's extensive prior arrest record and the poor judgment exhibited by his past behavior.

{¶ 2} VanDenBossche appealed the committee's decision to the Board of Commissioners on Character and Fitness of the Supreme Court ("board"), and a panel of the board heard the matter on May 10, 1999.

{¶ 3} The panel found that VanDenBossche's criminal record included a 1975 juvenile charge for disturbing the peace, a 1977 juvenile charge for operating a motor vehicle without a license, 1978 juvenile charges for carrying a concealed weapon and disorderly conduct, a 1980 criminal damaging conviction, convictions

for various traffic offenses from 1980 to 1984, a 1992 assault charge, 1994 charges of gross sexual imposition and theft, and 1995 charges of loitering and prowling, resisting arrest, and battery. The most recent criminal charges, *i.e.*, those from 1992, 1994, and 1995, all occurred when VanDenBossche was over thirty years old, and all of these charges were ultimately dismissed. The panel placed special emphasis on VanDenBossche's conduct regarding these recent criminal charges.

{¶ 4} In 1992, VanDenBossche confronted his best friend at his place of employment about a suspected relationship between the friend and VanDenBossche's then-wife. The conversation led to an argument that culminated in a brawl. As a result of the fight, VanDenBossche was charged with assault, but the charge was subsequently dismissed after his friend decided that he did not want the case to proceed. VanDenBossche conceded at the panel hearing that he had indeed assaulted his friend.

{¶ 5} In 1994, VanDenBossche went to a department store to return a damaged sweater that he had purchased for about $110. The female sales clerk credited him with the original purchase price and then sold him another of the same style of sweater at the lower sales price of fifty-five dollars. In order to express his gratitude, VanDenBossche offered to buy her a drink at a local bar. At the time, VanDenBossche had been married only a few months to his current wife. When VanDenBossche arrived at the bar that night, the clerk was there and he bought her some drinks. After the clerk became intoxicated, VanDenBossche kissed her a few times. According to VanDenBossche, he refused to take her home, but offered to call her a cab, and she declined and went back into the bar. VanDenBossche was later indicted on charges of gross sexual imposition and theft after the clerk accused him of groping and raping her. The court dismissed the case with prejudice after the clerk informed the prosecutor that she did not want to go forward with the case. Despite the gravity of these charges, VanDenBossche could not recall the specific,

underlying factual allegations of the charges, including where the offenses purportedly occurred.

{¶ 6} In 1995, while on vacation with his wife and baby in Englewood Beach, Florida, VanDenBossche drove his wife to dinner. On the way back to his mother's house from dinner, they decided to turn around and go to a club. VanDenBossche pulled into a parking lot to turn around, and another man pulled his car next to theirs. After the man accused them of stealing his boats from the marina, he blocked their car from exiting the lot. According to VanDenBossche, both he and the other man exited their cars, the man hit VanDenBossche with a plastic coffee mug, and they fought until VanDenBossche pinned him on the ground. VanDenBossche blackened the man's eye and fractured his nose. VanDenBossche advised his wife to drive away and after she did, he ran a half-mile and hid in the woods. Although he heard police sirens and there were businesses in that area, VanDenBossche stayed in the woods until the police found him and arrested him for battery, loitering and prowling, and resisting arrest. The prosecutor subsequently dismissed the charges. At the panel hearing, VanDenBossche apologized if his explanation of the incident seemed vague.

{¶ 7} The panel concluded that VanDenBossche had not satisfied his burden of proving by clear and convincing evidence that he presently possesses the requisite character and fitness for admission to the bar. The panel based its conclusion on his lack of good judgment in the 1992, 1994, and 1995 incidents, as well as his lack of credible, complete explanations of the circumstances surrounding the 1994 gross sexual imposition and theft charges and the 1995 Florida charges. The panel recommended that VanDenBossche not be permitted to take the bar examination until February 2000. The board adopted the findings of the panel, but recommended that VanDenBossche not be permitted to take the bar examination until July 2000.

———————————

*Fauver, Tattersall & Gallagher, P.L.L.,* and *John L. Keyse-Walker*, for the Lorain County Bar Association.

*Mary L. Cibella*, for applicant.

_____

***Per Curiam.***

**{¶ 8}** In order to be admitted to the practice of law in Ohio, VanDenBossche must establish by clear and convincing evidence his "present character, fitness, and moral qualifications for admission." Gov.Bar R. I(12)(C)(6); *In re Application of Kemp* (1998), 84 Ohio St.3d 274, 276, 703 N.E.2d 769, 771. Evidence of a pattern of disregard of the laws of Ohio or of other states and a failure to provide complete and accurate information concerning the applicant's past reflect adversely on an applicant's present character, fitness, and moral qualifications. Gov.Bar R. I(11)(D)(3)(f) and (g). In other words, " '[a]pplicants for admission to the Ohio Bar must establish by clear and convincing evidence that their prior conduct justifies the trust of clients, adversaries, courts and others with respect to the professional duties owed to them.' " *In re Application of Nerren* (1997), 79 Ohio St.3d 322, 323, 681 N.E.2d 906, quoting *In re Application of Keita* (1995), 74 Ohio St.3d 46, 47, 656 N.E.2d 620, 622.

**{¶ 9}** We adopt the findings of the board, but believe that a longer period is warranted before VanDenBossche should be permitted to take the bar examination. VanDenBossche's criminal record, including his recent charges in which he admitted assaulting his best friend at his workplace and having physical contact with an intoxicated woman he had invited to a bar a few months after his marriage to his current wife, together with his failure to provide a full and credible account of either the gross sexual imposition or Florida charges, reflects a cavalier approach to the law and a lack of reliable judgment by VanDenBossche, even though the most recent charges were ultimately dismissed. See *In re Applications of Piro* (1993), 66 Ohio St.3d 400, 402, 613 N.E.2d 201, 202.

{¶ 10} Based on the foregoing, VanDenBossche has not met his burden of proving his present fitness to practice law in Ohio. Accordingly, we prohibit VanDenBossche from applying for any bar examination earlier than the February 2001 bar examination.

*Judgment accordingly.*

MOYER, C.J., RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., concurs in judgment only.

DOUGLAS and LUNDBERG STRATTON, JJ., dissent.

_____