TOLEDO BAR ASSOCIATION *v.* STICHTER.

[Cite as Toledo Bar Assn. *v.* Stichter (1985), 17 Ohio St. 3d 248.]

(D.D. No. 85-1—Decided June 12, 1985.)

*J. Jeffrey Lowenstein,* for relator.
*William M. Connelly,* for respondent.

*Per Curiam.* After a careful review of the facts and circumstances underlying the instant disciplinary action, we are convinced that the respondent has violated DR 1-102(A)(4) and (6) of the Code of Professional Responsibility.

We note that the responsibility for properly filing one's tax returns is a responsibility that should never be taken lightly by any citizen, especially one who is licensed as an officer of the court. We are convinced that the respondent has come to realize the gravity of his offense by virtue of his willingness to fully cooperate with the Internal Revenue Service. Nevertheless, the illegal conduct undertaken by respondent in the past should not be countenanced by this court and, therefore, we find that the sanction recommended by the board fits the offense for which respondent was convicted.

Accordingly, it is the judgment of this court that respondent be suspended from the practice of law in the state of Ohio for a period of one year.

*Judgment accordingly.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and WRIGHT, JJ., concur.

C. BROWN and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent. The report to this court from the Board of Commissioners on Grievances and Discipline of the Bar states, in pertinent part, that "[t]he Board of Commissioners on Grievances and Discipline of the Bar recommends that the Respondent be suspended from the practice of law in the State of Ohio for a period of one year, *and that he be given credit for the suspension time served pursuant to Rule V, Section (8)(ii) Suspension.* * * *" (Emphasis added.) Unfortunately the majority has seen fit not to accept the recommendation of the board that respondent be given credit for the time he has already been suspended from the practice.

Respondent's suspension commenced July 11, 1984. The order of this court is for a one-year suspension. By now ordering a one-year suspension without granting credit for "time served," respondent's suspension will be, in effect, a suspension of two years. Even a worse scenario is imaginable if the respondent had decided to appeal his conviction and the order of this court for suspension after hearing was issued at the conclusion of the appellate process. Respondent would have been, upon conviction, immediately suspended from the practice, pursuant to Gov. Bar R. V(8)(a)(iii), and this suspension would have continued in effect for the two-to-three-year period of appeal. Then this court would have ordered the sanction of a one-year suspension and, because respondent had chosen to exercise his or her rights of appeal from the judgment of conviction, the total time of suspension could very easily have been three to four years for an offense that is generally punished by a one-year suspension. It does not take much thought to recognize what a chilling effect this result would

have on a respondent who might be contemplating an appeal of a criminal conviction.

In addition, it should be pointed out that for a person convicted of a crime and incarcerated in a state of Ohio correctional facility therefor, the Adult Parole Authority is required to give credit for the number of days "dead time" spent prior to commitment. See R.C. 2967.191. Should lawyers be treated any differently with regard to a penalty imposed when that penalty involves the loss of their profession and livelihood? I think not. Accordingly, I dissent.

C. BROWN, J., concurs in the foregoing dissenting opinion.