CINCINNATI BAR ASSOCIATION *v.* FARR.

[Cite as Cincinnati Bar Assn. *v.* Farr (1986), 21 Ohio St. 3d 78.]

(D.D. No. 85-28—Decided January 15, 1986.)

*Eugene J. Utz, Ann M. McTigue, E. Hanlin Bavely* and *Edwin W. Patterson III,* for relator.

*Peter Rosenwald,* for respondent.

*Per Curiam.* The court, after review of the record, finds that the respondent was in fact found guilty of robbery in violation of R.C. 2911.02, a felony of the second degree. Further, under Gov. Bar R. V(8)(b), a certified copy of the judgment entry of the conviction is conclusive evidence of the commission of that offense. Accordingly, respondent is guilty of misconduct in that he did "[e]ngage in illegal conduct involving moral turpitude" in violation of DR 1-102(A)(3).

The recommendation of the board of commissioners is hereby accepted and approved as to the sanction of indefinite suspension. However, we must reject that part of the recommendation which would allow credit for the period of time that respondent had been previously suspended by this court pursuant to Gov. Bar R. V(8)(a)(iii). We conclude that such a credit would not be authorized under any of the Supreme Court Rules for the Government of the Bar. If such credit is to be given in matters to come before this court, there must be effected appropriate amendments to the rules.

Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio and the costs of these proceedings shall be taxed to respondent.

*Judgment accordingly.*

CELEBREZZE, C.J., WISE, HOLMES and PATTON, JJ., concur.

SWEENEY and DOUGLAS, JJ., concur in part and dissent in part.

WRIGHT, J., dissents.

WISE, J., of the Fifth Appellant District, sitting for LOCHER, J.

PATTON, J., of the Eighth Appellate District, sitting for C. BROWN, J.

DOUGLAS, J., concurring in part and dissenting in part. The report to this court from the Board of Commissioners on Grievances and Discipline of the Bar states, in pertinent part, that "[t]he Board of Commissioners on Grievances and Discipline of the Bar recommends that the Respondent be indefinitely suspended from the practice of law in the State of Ohio, *and that the Respondent be given credit for time served.* * * *" (Emphasis added.) It is unfortunate that the majority has declined to follow the recommendation of the board and give credit to respondent for the time he has already been suspended from the practice.

For the reasons stated in my dissent in *Toledo Bar Assn.* v. *Stichter* (1985), 17 Ohio St. 3d 248, 249, and for the additional reason that I find no specific rule prohibiting the granting, by this court, of credit for time already served, I must respectfully dissent from that portion of the majority decision which denies credit to respondent for time already served. I would accept and approve in its entirety the recommendation of the board.

SWEENEY, J., concurs in the foregoing opinion.

WRIGHT, J., dissenting. I believe, as did the board of commissioners, that the two-year minimum under an indefinite suspension is far too harsh a penalty given the extraordinary facts which led up to respondent's felony conviction. Our rules need *immediate* revision to allow for credit such as that advocated by the commission. In the interim, I would suspend respondent from the practice of law for one year.

Accordingly, I respectfully dissent from the majority's seemingly rigid approach to a sanction in the matter.