IN RE RECOMMENDATION OF DISAPPROVAL BY THE ADMISSIONS COMMITTEE OF THE COLUMBUS BAR ASSOCIATION OF THE APPLICATION OF WATSON.

[Cite as In re Application of Watson (1987), 31 Ohio St. 3d 220.]

(No. CF 86-1—Decided July 8, 1987.)

*David W. Fais* and *Steven R. Kerber,* for the Admissions Committee of the Columbus Bar Association.

*Leo P. Ross,* for applicant.

DOUGLAS, J. This matter came before the Board of Commissioners on Character and Fitness on the recommendation by the Admissions Committee of the Columbus Bar Association that the application of James E. Watson for registration as a candidate for admission to the practice of law in the state of Ohio be denied. The board, after a hearing, concurred in the recommendation of the admissions committee, on the basis that the applicant failed to disclose an expunged conviction and other information required on the application for registration form.

Previously, the applicant was permitted by this court to sit for the February 1986 bar examination and the court ordered the results of applicant's testing to be sealed pending further action of the board and this court. Upon receipt of the record before the board and its recommendation, and the written memoranda of the parties, this court scheduled oral argument for May 26, 1987, on the question of whether the application of James E. Watson for registration as a candidate for admission to the practice of law in the state of Ohio should be approved. Counsel for the applicant and for the Admissions Committee of the Columbus Bar Association were heard. The admissions committee strongly urged that the recommendation of the board denying the application for registration be approved. Counsel for Watson argued the merits of applicant's case and further urged that the criteria for approval of the application should be *current* good moral character and mental fitness and that the applicant meets those conditions.

Upon full consideration, in conference, the court requested that the

Acting Clerk of the Supreme Court advise the court as to the results of the bar examination taken by Watson in February 1986. The acting clerk advised the court that the applicant James E. Watson had not successfully met the requirements of a passing score on the bar examination.

Whereupon, the court orders the following:

1. That applicant James E. Watson may again sit for the bar examination in February 1988 or thereafter and after fully complying with Gov. Bar R. I(7) excepting subdivision (C) thereof.

2. That if the applicant achieves a passing score for such examination, the applicant will be admitted to the practice of law in the state of Ohio upon the condition that there is no further showing that would adversely reflect on his character or fitness as determined by the Board of Commissioners on Character and Fitness.

It is the holding of this court that all information requested by any authorized committee, board or this court, reviewing the character and fitness of an applicant seeking to be admitted to the practice of law in Ohio, shall be fully, honestly and completely provided by the applicant. When such a request asks the applicant to "[s]tate whether you have been, or presently are * * * (a) a party to any action or legal proceeding, including civil, criminal, quasi-criminal, administrative, or any proceeding in a juvenile court," the question must be fully answered regardless of expungements, bond forfeitures, dismissals or similar terminations and must include all actions or legal proceedings occurring in any court including juvenile court. Failure to do so will constitute grounds for denial of an application for registration as a candidate for admission to the practice of law, or to take the bar examination, in the state of Ohio.

It is so ordered.

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.