IN RE APPLICATION OF CARROLL.

[Cite as *In re Application of Carroll* (1991), 61 Ohio St.3d 60.]

(No. 90–2263—Submitted February 13, 1991—Decided July 3, 1991.)

*K. Bradley Mellor* and *Richard M. Markus,* for applicant.

*Robert J. Di Cello,* for Lake County Bar Assn.

*Per Curiam.* We agree that Carroll has not established his present eligibility for admission into the Ohio bar and that he should not be permitted to reapply to take the bar examination until March 1993.

Although Carroll has no record of criminal convictions, he was charged with assault in 1966 and with possession of marijuana and receiving stolen property in 1981. Carroll did not disclose this information in response to question 12(a) on the registration application, which asked if he presently was or had ever been "a party to any action or legal proceeding, including civil, criminal, quasi-criminal, administrative, or any proceeding in a juvenile court."

The records of the Carroll's 1981 indictment have been "expunged," but this does not excuse his failure to make the required disclosure. In *In re Application of Watson* (1987), 31 Ohio St.3d 220, 31 OBR 415, 509 N.E.2d 1240, we held that an applicant for admission to the bar must provide *all* information requested for review of his or her character and fitness, including matters that may have been expunged. Indeed, Carroll had been told of the *Watson* decision before submitting his application. Still, he did not disclose the information requested by question 12(a).

Carroll eventually revealed his having been a party in criminal and other proceedings just before or during a September 28, 1988 interview with members of the admissions committee. Subsequent interviews, however, unearthed various inconsistencies in respondent's explanation of the 1981 charges and his reasons for not making the required disclosures initially. These inconsistencies prevent us from concluding that respondent omitted his prior experiences with the criminal justice system by mistake.

Accordingly, the application for registration and to take the bar examination are disapproved. Carroll may reapply in March 1993 to take the bar examination.

*Order accordingly.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.