IN RE APPLICATION OF VANDENBOSSCHE.

[Cite as *In re Application of VanDenBossche* (2000), 88 Ohio St.3d 158.]

(No. 99–1882—Submitted December 15, 1999—Decided February 23, 2000.)

*Fauver, Tattersall & Gallagher, P.L.L.,* and *John L. Keyse–Walker,* for the Lorain County Bar Association.

*Mary L. Cibella,* for applicant.

***Per Curiam.*** In order to be admitted to the practice of law in Ohio, VanDenBossche must establish by clear and convincing evidence his "present character, fitness, and moral qualifications for admission." Gov.Bar R. I(12)(C)(6); *In re Application of Kemp* (1998), 84 Ohio St.3d 274, 276, 703 N.E.2d 769, 771. Evidence of a pattern of disregard of the laws of Ohio or of other states and a failure to provide complete and accurate information concerning the

applicant's past reflect adversely on an applicant's present character, fitness, and moral qualifications. Gov.Bar R. I(11)(D)(3)(f) and (g). In other words, " '[a]pplicants for admission to the Ohio Bar must establish by clear and convincing evidence that their prior conduct justifies the trust of clients, adversaries, courts and others with respect to the professional duties owed to them.' " *In re Application of Nerren* (1997), 79 Ohio St.3d 322, 323, 681 N.E.2d 906, quoting *In re Application of Keita* (1995), 74 Ohio St.3d 46, 47, 656 N.E.2d 620, 622.

We adopt the findings of the board, but believe that a longer period is warranted before VanDenBossche should be permitted to take the bar examination. VanDenBossche's criminal record, including his recent charges in which he admitted assaulting his best friend at his workplace and having physical contact with an intoxicated woman he had invited to a bar a few months after his marriage to his current wife, together with his failure to provide a full and credible account of either the gross sexual imposition or Florida charges, reflects a cavalier approach to the law and a lack of reliable judgment by VanDenBossche, even though the most recent charges were ultimately dismissed. See *In re Applications of Piro* (1993), 66 Ohio St.3d 400, 402, 613 N.E.2d 201, 202.

Based on the foregoing, VanDenBossche has not met his burden of proving his present fitness to practice law in Ohio. Accordingly, we prohibit VanDenBossche from applying for any bar examination earlier than the February 2001 bar examination.

*Judgment accordingly.*

MOYER, C.J., RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., concurs in judgment only.

DOUGLAS and LUNDBERG STRATTON, JJ., dissent.