IN RE APPLICATION OF HARRIS.

[Cite as *In re Application of Harris,*
101 Ohio St.3d 268, 2004-Ohio-721.]

(No. 2003–1537—Submitted October 20, 2003—Decided March 3, 2004.)

**Per Curiam.**

{¶ 1} In August 1998, applicant, Donald Ray Harris of Sandusky, Ohio, applied as a candidate for admission to the practice of law. In November 2000, he filed an application to retake the February 2001 Ohio bar examination. Members of the admissions committee of relator, the Erie County Bar Association, conducted an extensive bar admissions interview, and in February 2001, relator recommended approval of the application for admission to the bar filed by the applicant but with qualifications. In March 2001, applicant appealed from relator's decision.

{¶ 2} On June 4, 2001, a panel of the Board of Commissioners on Character and Fitness held a hearing on the bar examination application. The applicant and another witness testified, and the panel also considered various documentary exhibits. The hearing record and exhibits before us disclose the following facts.

{¶ 3} Applicant was born in 1949 and grew up in Sandusky, Ohio. After college, from 1979 to 1985, applicant served as the president and sales staff of business enterprises engaged in the development of computer software in Nevada and California. In July 1987, he received a discharge in bankruptcy. From 1991 to 1998, applicant worked in Ohio, California, and Hawaii for different business enterprises.

{¶ 4} From 1995 until 1998, applicant attended the University of Toledo Law School, graduating in December 1998. While attending law school, applicant continued to work developing software.

{¶ 5} In 2000, applicant filed again for bankruptcy. During the bankruptcy proceedings, applicant testified that he had no income in 1998 requiring him to file a tax return, and he was living off student loans and loans made to him by a friend and business partner, Gordon Kraft. In his 2000 petition for bankruptcy, applicant had neglected to list his student loans of $73,465, as well as loans by Kraft amounting to over $222,000. Applicant later amended his petition to cover these loans.

{¶ 6} In its initial report filed in February 2002, the panel expressed concerns with the applicant's financial situation. The applicant had extensive financial obligations with no offsetting assets. But the applicant repeatedly stated that "he would repay the obligations owed to Gordon Kraft in the amount of $222,775.41" and would pay his student loans at the rate of $1,256 each month "until such time as [he could] pay down the loan balance." Further, applicant

stated that "his current income was steady, between $8,000 and $16,000 per month." However, applicant had "provided no evidence of income nor did he provide any evidence of his ability to meet his financial obligations." Moreover, "when questioned about his financial affairs, Mr. Harris answered the questions with irrelevant information and was very evasive." The panel also expressed concern that "the actions of Mr. Harris give rise to an inference of neglect of financial affairs" and "misuse of the legal process."

{¶ 7} Further, the panel noted concern with the nature of applicant's financial involvement in numerous enterprises. In his 1998 application to register as a candidate for the bar, applicant listed ten different business enterprises, many financed by Kraft. Relator had asked applicant for documentation on the Kraft loans differentiating between personal loans to the applicant and loans to the companies. In response, relator received only very general information from the applicant. The panel asked applicant for specific information, and applicant promised to send this but did not do so. The panel also asked applicant for information regarding a limited partnership, but applicant never provided this information.

{¶ 8} The panel concluded that applicant "has neglected his financial responsibilities and has failed to provide the panel with the information not only requested, but promised." Thus, the panel concluded that the applicant had failed to establish that he has the present character, fitness, and moral qualifications for admission to the bar and recommended that his application not be approved.

{¶ 9} In June 2002, at the board's request, the panel requested that the applicant, within 30 days, furnish financial information in ten categories before the panel would act further on his application. Information requested included, inter alia, a current list of creditors; a timetable to meet financial obligations; certified copies of documents applicant filed with the bankruptcy court; a current credit report; various business records of associated corporations or enterprises, including articles of incorporation, shareholder lists, corporate minutes, and partnership documents; copies of loans, agreements, or business correspondence with Gordon Kraft or his former wife; a list of suits filed against or by applicant; a statement of earnings for the past year; and copies of applicant's federal tax returns for the last three years. In its June 2002 request, the panel advised that if applicant did not supply the information requested, the panel would consider that he failed to cooperate and recommend accordingly.

{¶ 10} In July 2003, the panel filed a further report noting that applicant had not responded in writing to its June 2002 request for documents relating to his financial situation. Based on the facts and applicant's failure to respond to the panel's June 2002 request, the panel concluded in its July 2003 report that

applicant "has failed to cooperate with this Board and has failed to prove that he has the character, fitness and moral qualifications for admission to the practice of law in the State of Ohio." The panel also found that applicant "has neglected his financial responsibilities." The panel recommended that the applicant not be permitted to sit for the bar examination and that he reinitiate the entire application process for admission to the bar if he wishes to reapply in the future.

{¶ 11} The board adopted the panel's findings of fact and recommended that the application be disapproved. The board further recommended that the applicant be permitted to reapply by filing a new application to register as a candidate for admission as well as an application to take the bar examination.

{¶ 12} We adopt the findings, conclusions, and recommendation of the board. Under Gov.Bar R. I(11)(D)(1), "[t]he applicant has the burden to prove by clear and convincing evidence that the applicant possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Moreover, under Gov.Bar R. I(11)(D)(1) and I(12)(C)(6), an applicant's failure to provide requested information or otherwise cooperate in proceedings either before the admissions committee or before the board "may be grounds for a recommendation of disapproval."

{¶ 13} The importance of an applicant's cooperation in the hearing process cannot be overstated. In *Application of Davis* (1974), 38 Ohio St.2d 273, 274–275, 67 O.O.2d 344, 313 N.E.2d 363, we noted that "[t]he paramount concern in proceedings before the Board of Commissioners on Character and Fitness is whether the applicant possesses those moral traits of honesty and integrity which will enable him to fully and faithfully discharge the duties of our demanding profession. * * * A hearing to determine character and fitness should be more of a mutual inquiry for the purpose of acquainting this court with the applicant's innermost feelings and personal views on those aspects of morality, attention to duty, forthrightness and self-restraint which are usually associated with * * * 'good moral character.' Such a view *commands the utmost in cooperation between the applicant and the board*." (Emphasis added.)

{¶ 14} In this case, the applicant has failed to establish by clear and convincing evidence that he has the necessary character and moral qualifications to be admitted to the practice of law. As the panel noted in its February 2002 report, "when questioned about his financial affairs, Mr. Harris answered the questions with irrelevant information and was very evasive." Because of his complex financial dealings, the relator and the panel requested financial records to support the applicant's assertions. Despite several requests, the applicant never furnished the information requested. Nor did the applicant respond in writing to the panel's specific demand in June 2002 for financial documents.

{¶ 15} Based upon the applicant's neglect of his financial affairs and his repeated failures to furnish requested financial information, we disapprove his application to register as a candidate for admission to the practice of law. Applicant may, however, reapply for admission to the practice of law by filing an entirely new application to register as a candidate and undergoing a new character and fitness evaluation.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Donald Harris, pro se.

Joseph Zannieri, for Erie County Bar Association.