IN RE APPLICATION OF MANAYAN.

[Cite as *In re Application of Manayan,*
102 Ohio St.3d 109, 2004-Ohio-1804.]

(No. 2003–1542—Submitted January 13, 2004—Decided April 28, 2004.)

---

**Per Curiam.**

{¶ 1} Applicant, Ben T. Manayan Jr. of Hudson, Ohio, was admitted in 1992 to the practice of law in Hawaii. On July 2, 2001, he applied for admission without examination to the practice of law in Ohio. See Gov.Bar R. I(9).

{¶ 2} On January 15, 2002, three members of the Admissions Committee of the Akron Bar Association interviewed applicant to determine whether he was qualified for admission. See Gov.Bar R. I(9)(D). The interviewers learned that applicant, while residing in Hawaii, had failed to pay federal and state income taxes for a number of years. The interviewers nevertheless concluded that applicant possessed the character, fitness, and moral qualifications needed to be admitted to the Ohio bar because he had made efforts to resolve the delinquency with tax authorities in Hawaii and the IRS. In its final report, the admissions committee recommended that applicant be approved for admission to the Ohio bar.

{¶ 3} A review subcommittee of the Board of Commissioners on Character and Fitness invoked the investigative authority under Gov.Bar R. I(10)(B)(2)(e) to request sua sponte proof of applicant's having satisfied the state and federal tax arrearages. In response, applicant submitted documents to show that he had settled with the IRS and paid his delinquent tax obligations to the satisfaction of that agency. Applicant also provided correspondence and other records to show his continuing negotiations with authorities in Hawaii to resolve the taxes he owed that state. In reply, the subcommittee advised respondent:

{¶ 4} "[Y]our state tax problems must be resolved prior to approval of your character, fitness and moral qualifications to practice law in Ohio. If you do not believe the tax issues can be resolved or you wish to have this matter considered by the full Board, you must request a hearing before a panel of the Board."

{¶ 5} Applicant requested a hearing, and a panel of the board heard the cause on September 16, 2002. After the hearing, the panel requested additional materials to document information obtained during the proceeding. In a report filed on February 6, 2003, the panel found that respondent had failed to pay income tax to the United States and the state of Hawaii for the tax years 1993 to 1999. The panel further found that by November 1, 2002, applicant had satisfied his federal tax obligation and that although he had not been able to negotiate a similar resolution of the delinquent state taxes, he had offered to pay the $9,300 principal and had begun to pay installments toward that amount.

{¶ 6} In addition, the panel found that since applicant and his wife moved back to Ohio in 2000, he has paid his federal, state, and local taxes and is current on those obligations. As for the prior years, applicant explained that before becoming a self-employed lawyer, he had always relied on withholdings from his paychecks to satisfy his tax obligations, and afterward, he had been unable to responsibly manage his finances to ensure that he had enough to pay his taxes.

According to the panel, applicant was unable to "retain enough income to pay the taxes in April," and "the longer it went, the worse it got, and interest and penalties were added."

{¶ 7} The panel was convinced that applicant "fully underst[ood] that taxes must be paid, especially by a lawyer." The panel was also impressed with applicant's having made amends with the IRS, his attempts to do the same with the state of Hawaii, and his complete compliance with the tax laws since he moved to Ohio. Based on these factors, the panel concluded that applicant possessed the character, fitness, and morals to be admitted to the practice of law in Ohio, but it also recommended that respondent first provide proof that he had satisfied his tax obligations to Hawaii.

{¶ 8} On review of the panel's findings and recommendation, the board voted to request that applicant verify (1) satisfaction of his tax debt to Hawaii for the years 1993 through 1997, (2) payment of his taxes due in Hawaii and Ohio since 1997, (3) payment of his federal taxes since 1997, and (4) the source of funds he had used to pay the IRS for the tax years 1993 to 1997. Applicant responded, and the panel reviewed his response. On July 10, 2003, the panel reported that it was satisfied, for the most part, with applicant's submissions relative to the second, third, and fourth requests.[1]

{¶ 9} The panel was not satisfied, however, that applicant had resolved his outstanding tax liability to Hawaii. Although applicant documented his continued payments toward that obligation, he had not paid the debt in full, and his records indicated that tax authorities in Hawaii would not review his case again until April 2004. The panel thus reported to the board that applicant's responses to its investigatory inquiries were insufficient.

{¶ 10} The board adopted the panel's findings and found that applicant had failed to sustain his burden to prove by clear and convincing evidence that he was qualified for admission to the Ohio bar. See Gov.Bar R. I(11)(D)(1). The board thus rejected the panel's first recommendation to the extent that it had called for approval of applicant's admission to the practice of law upon sufficient proof of tax payment. By unanimous vote, the board recommended instead that applicant be disapproved but that he be permitted to reapply for admission by filing a new application and submitting to another complete character and fitness investigation.

---

1. The panel did not elaborate but apparently had some concern about applicant's explanation for why he could not produce his federal and state tax records for 1998, which he thought were in storage in Hawaii. We are not similarly concerned, as no evidence suggests a deficit in 1998. Moreover, applicant has since realized that he had provided a copy of his 1998 federal income tax return during the interview process.

{¶ 11} After the board filed its report and the record in this court, we granted applicant's motion to supplement the record, and he supplied evidence of more recent events. The evidence reflects that on September 9, 2003, applicant received an itemized and updated invoice of the taxes assessed against him by Hawaii, totaling $10,541.14, including interest and penalties. On October 17, 2003, applicant applied to Hawaii tax authorities, pursuant to a recent enactment, for a waiver of all interest and penalties. Several days later, applicant received notice that his tax liability had been reduced to $8,151.52, and applicant's spouse was able to obtain a loan in this amount. On October 23, 2003, applicant forwarded full payment to the appropriate agency. All tax liens concerning applicant were subsequently released.

{¶ 12} In his objections to the board's findings and recommendation, applicant emphasizes that his admissions-committee interviewers, the admissions committee, and, initially, the board panel each found him to possess the character, fitness, and moral qualifications for admission to the practice of law in Ohio, with the only reservation being the fact that he had not yet completely satisfied his outstanding tax liability. Because he has now remedied and, he argues, removed this impediment, applicant asserts that he has sustained his burden of proof and that his application to the bar should be approved. We disagree.

{¶ 13} The reservations expressed by applicant's interviewers and the panel about his delinquent tax record were appropriately considered as evidence of applicant's "neglect of financial responsibilities," Gov.Bar R. I(11)(D)(3)(k), a consideration that weighs against approval of an application for admission. *In re Application of Parry* (1995), 72 Ohio St.3d 75, 647 N.E.2d 774. The admissions committee did not note any concerns, however, and gave its unqualified approval of applicant's character, fitness, and moral qualifications in accordance with Gov.Bar R. I(11)(F)(2). Applicant's financial irresponsibility nevertheless triggered the board's exercise of its power to investigate sua sponte under Gov.Bar R. I(10)(B)(2)(e).

{¶ 14} We expect applicants for admission to the Ohio bar and bar members to scrupulously honor all financial commitments. Thus, in *In re Application of Carr–Williams* (1992), 63 Ohio St.3d 752, 591 N.E.2d 693, we disapproved an application for admission without examination to the Ohio bar because the applicant had largely ignored her obligation to pay federal and state income taxes for several years. Admittedly, Carr–Williams did not prove, as the applicant in this case has, a commitment to satisfying the delinquency. For that reason, we also ordered that she establish a record of financial responsibility for one year before reapplying for bar admission.

{¶ 15} The responsibility of properly filing and paying taxes is one that should never be taken lightly by any citizen, especially one who is or seeks to become a

member of the bar. See *Toledo Bar Assn. v. Stichter* (1985), 17 Ohio St.3d 248, 249, 17 OBR 484, 478 N.E.2d 1322. And applicant's dedicated efforts to pay his delinquent taxes notwithstanding, the fact remains that he seriously mismanaged his expenses to the extent that he could not pay the taxes on his income as a practicing lawyer. This mismanagement certainly reflects poorly on applicant's character, fitness, and morals. The board thus justifiably disapproved his application for admission.

{¶ 16} Accordingly, we find that applicant has not demonstrated the requisite character, fitness, and moral qualifications for present admission to the practice of law in Ohio, and we disapprove his application. Furthermore, we adopt the board's recommendation. Applicant is therefore permitted to reapply for admission to the Ohio bar by filing a new application, and upon reapplication, shall undergo a complete character and fitness investigation, including a report by the National Conference of Bar Examiners, in order to determine whether he possesses the qualifications for admission to the practice of law in Ohio.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Blakemore, Meeker & Bowler Co., L.P.A., and Robert C. Meeker, for applicant.

Malyuk, Tucker & Gingrich, L.L.P., and Mitchell L. Gingrich, for the Akron Bar Association.