IN RE APPLICATION OF MEFFORD.

[Cite as *In re Application of Mefford,* 104 Ohio St.3d 324, 2004-Ohio-6591.]

(No. 2004–1192—Submitted September 28, 2004—Decided December 15, 2004.)

Per Curiam.

{¶ 1} Applicant, Jackie L. Mefford of Springfield, Ohio, applied in January 2000 to register as a candidate for admission to the practice of law in Ohio. She was still attending law school at that time. The Board of Commissioners on Character and Fitness of the Supreme Court approved the registration in February 2001. The applicant graduated from law school in May 2002, and she applied in October of that year to take the Ohio bar examination to be administered in February 2003. The Admissions Committee of the Clark County Bar Association then reviewed the applicant's file, including materials added to that file after the Board of Commissioners had given its initial approval in February 2001. The Admissions Committee recommended in December 2002 that the application be denied.

{¶ 2} The applicant appealed, and a three-member panel of the Board of Commissioners held a hearing in May 2003. The applicant and three other witnesses testified, and the panel also considered various documentary exhibits. The hearing record and exhibits before us disclose the following facts.

{¶ 3} The applicant stated in her January 2000 registration application that she had never filed a bankruptcy petition, had never had a credit card revoked, did not have any debts more than 90 days past due, and had never had a judgment against her that had remained unpaid for more than 90 days. When the applicant filed a supplemental character questionnaire in October 2002, she stated that she had by then been the subject of a bankruptcy petition, that she had had credit cards revoked, and that she owed debts more than 90 days past due. She attached a copy of her bankruptcy discharge notice, dated February 19, 2002.

{¶ 4} At the hearing in May 2003, the applicant testified that her original answers in the character questionnaire had been accurate. She stated that the bulk of her debts had been incurred between May 2000 and October 2001, when she and her husband filed the bankruptcy petition. Both the applicant and her husband testified that he had been the sole financial supporter of the household while she was in law school, and they had experienced a drop in their income after the husband had surgery in July 2000 and was unable to work for several months. The family used credit cards to pay balances on other credit cards, and the situation spiraled out of control, resulting in the 2001 bankruptcy.

{¶ 5} The panel members at the May 2003 hearing appear to have had a difficult time understanding how the applicant and her husband could have

incurred such large debts, given that the husband earned at least $50,000 each year, and sometimes tens of thousands of dollars more than that. The panel members asked the applicant to provide them with the family's 2001 and 2002 Form 1040 income tax returns, as well as a current list of all her debts and a monthly budget showing how she and her husband were managing their finances. The applicant indicated that she understood the panel's request for additional information.

{¶ 6} More than three months later, the applicant had not provided the requested information to the panel members. The panel chair then sent a letter in September 2003 reminding the applicant about the financial information needed by the panel. That letter advised the applicant that if she did not supply the information within 30 days, the panel would prepare a recommendation to the full board based on the testimony and information available to the panel at the time of the May 2003 hearing.

{¶ 7} The applicant responded to the letter with a letter of her own in September 2003, in which she requested that her application be considered on the basis of the information previously supplied by her. The panel chair wrote yet again to the applicant in late September 2003 urging the applicant to reconsider her position. The applicant did not respond.

{¶ 8} The panel noted in its report of February 2004 that the applicant must carry the burden of proving by clear and convincing evidence that she has the present character, fitness, and moral qualifications for admission to the practice of law. "The issues of financial irresponsibility are serious and require detailed explanation so that the Board can properly evaluate her application * * *," the panel explained. Because the applicant had not provided additional financial information that the panel viewed as important, the panel concluded that she had failed to meet her burden of establishing the requisite character and fitness.

{¶ 9} The Board of Commissioners adopted the panel's findings of fact and recommended that the applicant's request to sit for the Ohio bar examination be disapproved. The board further recommended that the applicant be permitted to reapply by filing a new application to register as a candidate for admission and that she undergo a complete character and fitness evaluation at that time.

{¶ 10} We adopt the findings, conclusions, and recommendation of the board. Under Gov.Bar R. I(11)(D)(1), "[t]he applicant has the burden to prove by clear and convincing evidence that the applicant possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Moreover, under Gov.Bar R. I(11)(D)(1) and I(12)(C)(6), an applicant's failure to provide requested information or otherwise cooperate in proceedings either before an admissions committee or before the board "may be grounds for a recommendation of disapproval."

{¶ 11} As we said in another case just a few months ago, "[t]he importance of an applicant's cooperation in the hearing process cannot be overstated." *In re Application of Harris,* 101 Ohio St.3d 268, 2004-Ohio-721, 804 N.E.2d 429, ¶ 13. As in that case—where, "[d]espite several requests, the applicant never furnished the information requested," id. at ¶ 14—the applicant in this case did not follow through when the panel asked her to supply more financial information at the conclusion of the May 2003 hearing. That seeming lack of concern on the applicant's part in the face of repeated requests from the panel fully justifies the panel's and the board's recommendation that the applicant not be permitted to take the bar examination at this time. See *In re Application of Watson* (1987), 31 Ohio St.3d 220, 31 OBR 415, 509 N.E.2d 1240, syllabus ("All information requested by any authorized committee, board or this court, reviewing the character and fitness of an applicant seeking to be admitted to the practice of law in Ohio, shall be fully, honestly and completely provided by the applicant").

{¶ 12} And financial responsibility is critically important for lawyers. The reservations expressed by the panel members about the applicant's financial condition were justified, for "neglect of financial responsibilities" is a consideration listed in Gov.Bar R. I(11)(D)(3)(k) that weighs against approval of an application for admission. "We expect applicants for admission to the Ohio bar and bar members to scrupulously honor all financial commitments." *In re Application of Manayan,* 102 Ohio St.3d 109, 2004-Ohio-1804, 807 N.E.2d 313, ¶ 14. See, also, *In re Application of VanDenBossche* (2000), 88 Ohio St.3d 158, 161, 724 N.E.2d 405 (applicants for the Ohio bar examination must show that their prior conduct justifies the trust of clients, adversaries, courts, and others).

{¶ 13} In light of the unanswered questions about the applicant's handling of her own financial affairs and her failure to furnish requested updated financial information, we disapprove her application to register as a candidate for admission to the practice of law. Applicant may, however, reapply for admission to the practice of law by filing an entirely new application to register as a candidate. Upon reapplication, she must undergo a complete character and fitness investigation, including the preparation of a report by the National Conference of Bar Examiners, in order to allow the board to determine whether she possesses the necessary qualifications for admission to the practice of law in Ohio.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Jackie L. Mefford, pro se.

Flack & Mayhall and Richard E. Mayhall, for Clark County Bar Association.