IN RE APPLICATION OF CONRAD.

[Cite as *In re Application of Conrad,*
110 Ohio St.3d 302, 2006-Ohio-4483.]

(No. 2006–0756—Submitted July 18, 2006—Decided September 13, 2006.)

---

**Per Curiam.**

{¶ 1} The applicant, David Louis Conrad of Marysville, Ohio, applied to take the Ohio bar examination in February 2005 and July 2005. The admissions committee of the Union County Bar Association recommended that his character and fitness be approved for the July 2005 examination, but this court's Board of Commissioners on Character and Fitness elected, pursuant to its authority under Gov.Bar R. I(10)(B)(2)(e), to investigate the applicant's character and fitness to practice law in Ohio.

{¶ 2} A three-member panel of the board held a hearing in December 2005. The applicant testified at the hearing, and the panel also considered various documentary exhibits. The record before us discloses the following facts.

{¶ 3} The applicant graduated from Marysville High School in 1976, from Yale University in 1980, and from the University of Virginia School of Law in 1984. He married in Virginia and moved to California, where he was admitted to the bar and practiced law for 15 months before shifting to jobs in real-estate development.

{¶ 4} The applicant registered as an inactive member of the California bar beginning in 1986, and he paid the appropriate dues to maintain that status for several years. Starting in 1997, the applicant failed to pay those dues, and his California bar membership was suspended. He paid the past-due bar membership fees in 2004, is now registered as an active bar member in California, and has not committed any other disciplinary infractions as a member of that state's bar.

{¶ 5} The applicant and his wife were divorced in 1996 in California. He began to use cocaine, and he was arrested twice—in 1999 and in 2002—for being under the influence of that drug. After both arrests, he was ordered by California courts to complete drug-education programs, and he was subjected to random drug-testing after the second arrest. The applicant contends that he stopped using cocaine after that arrest.

{¶ 6} He has also been arrested twice for driving under the influence of alcohol. The first arrest occurred in 1994 and the second in 2003. The more recent charge resulted in a reckless-operation conviction, and the applicant's California driver's license was suspended for several weeks.

{¶ 7} The applicant returned to Ohio to assist his aging parents in 2004. Since his return, he has graded standardized tests and has performed painting and carpentry work in Marysville.

{¶ 8} The applicant has several outstanding debts. He owes approximately $9,000 to California for a tax obligation first incurred in 1998, when he sold some properties. He made no payments on the tax obligation in 2005, explaining to the panel that he has been unable to find regular employment. The applicant also owes more than $20,000 to the Internal Revenue Service, and he has likewise been unable to make any payments recently on that obligation.

{¶ 9} In evaluating the evidence, the board considered the factors listed in Gov.Bar R. I(11)(D) and concluded that the applicant had testified honestly, that he is now drug free, and that he does not seem to be suffering from untreated emotional problems. Nonetheless, the board noted that the applicant—by his own admission—had made poor choices, having felt "overwhelmed" after his marriage failed and after he encountered financial setbacks in the late 1990s. He told the panel that he "still can't make sense out of" some of his decisions, but that he believes he possesses the necessary character and moral fitness to practice law in Ohio.

{¶ 10} Citing the applicant's unemployment, his tax liabilities to California and the federal government, and his seeming lack of a coherent plan for paying his debts, the board concluded that the applicant had not established his character and fitness for admission to the Ohio bar by clear and convincing evidence.

{¶ 11} The board recommended that the applicant's pending application to take the Ohio bar examination be disapproved. The board further recommended that the applicant be permitted to reapply for the February 2007 bar exam and that to apply for that exam, the applicant be required to file a new application to register as a bar candidate and to undergo another complete character and fitness evaluation.

{¶ 12} We adopt the findings, conclusions, and recommendation of the board. Under Gov.Bar R. I(11)(D)(1), "[t]he applicant has the burden to prove by clear and convincing evidence that the applicant possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." The evidence shows that the applicant did not meet that burden.

{¶ 13} First, the applicant's history of drug and alcohol use, and the criminal and traffic charges that resulted against him, raise some concern about his fitness to practice law. "Evidence of a pattern of disregard of the laws of Ohio or of other states" calls into question an applicant's claim that his or her " 'prior conduct justifies the trust of clients, adversaries, courts and others.' " *In re Application of VanDenBossche* (2000), 88 Ohio St.3d 158, 160–161, 724 N.E.2d 405, quoting *In re Application of Nerren* (1997), 79 Ohio St.3d 322, 323, 681

N.E.2d 906. See, also, *In re Application of Kapel* (1995), 72 Ohio St.3d 532, 534, 651 N.E.2d 955 (applicant's disorderly-conduct conviction and repeated traffic violations, including speeding, demonstrate that the applicant lacks the requisite character and fitness for the practice of law). The applicant does appear, though, to have put his drug use behind him, and if he demonstrates an ability to make better personal and professional choices in the future, his past misconduct in California need not prevent his admission to the Ohio bar.

{¶ 14} Second, the applicant must address his tax-related financial obligations if he is to secure approval to sit for the bar exam. "We expect applicants for admission to the Ohio bar and bar members to scrupulously honor all financial commitments." *In re Application of Manayan,* 102 Ohio St.3d 109, 2004–Ohio–1804, 807 N.E.2d 313, ¶ 14. See, also, *In re Application of Mitchell* (1997), 79 Ohio St.3d 153, 679 N.E.2d 1127 (disapproving the application of an applicant who, along with other problems, had had several credit cards canceled for nonpayment).

{¶ 15} The applicant is a well-educated and talented person who ought to be able to develop a financial plan to resolve his tax problems. Even if he did encounter considerable personal and professional difficulties between 1996 and 1998, those problems are now behind him by several years. The applicant's candor with the panel and his evident determination to start over personally and professionally in Ohio bode well for his future success, but we agree with the board that he must show greater diligence in his efforts to secure gainful employment and to clear up his long overdue tax obligations.

{¶ 16} For these reasons, we disapprove the applicant's application to take the Ohio bar examination. He may, however, apply to sit for the examination in February 2007 or later by filing an entirely new application to register as a candidate and a new application to take the bar examination. Upon application, he must undergo a complete character and fitness investigation, including the preparation of a report by the National Conference of Bar Examiners, in order to allow the board to determine whether he possesses the necessary qualifications for admission to the practice of law in Ohio.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

David L. Conrad, pro se.

Stephen J. Yurasek, for the Union County Bar Association.