IN RE APPLICATION OF KLINE.

[Cite as *In re Application of Kline,*
116 Ohio St.3d 185, 2007-Ohio-6037.]

(No. 2007–1412—Submitted October 9, 2007—Decided November 15, 2007.)

**Per Curiam.**

{¶ 1} Applicant, Robert Stephen Kline of Barberton, Ohio, graduated from Akron University Law School in May 2004. Kline filed an application to take the bar examination on two occasions but decided not to take the exam. Kline did take the bar exam in July 2006, but failed.

{¶ 2} Kline filed a reexamination application to take the February 2007 bar examination. See Gov.Bar R. I(7). The Akron Bar Association Admissions Committee conducted a character-and-fitness interview and recommended that Kline be approved for admission with qualifications. The admissions committee expressed concern over Kline's unpaid debts and his sporadic employment history.

{¶ 3} Kline appealed the recommendation of the admissions committee to the Board of Commissioners on Character and Fitness. See Gov.Bar R. I(12). The board appointed a panel to review Kline's qualifications. The panel heard the cause on June 21, 2007, and unanimously recommended that Kline not be approved at this time but that he be allowed to reapply to take the February 2008 bar examination, which would give him additional time to resolve his outstanding debts and improve his employment record. The board adopted the panel's report.

The Board's Findings

{¶ 4} The board found that Kline's total debts were not particularly alarming in and of themselves. At the date of the hearing, Kline's outstanding debts—not including student loans—were approximately $3,500. Kline had even made progress in reducing the balance of his debts from the time he had filed his most recent bar application in November 2006. The board, however, was concerned with the age of Kline's debts and his persistent delay in addressing them.

{¶ 5} The board also considered Kline's sporadic work history since his graduation from law school in May 2004. The board noted Kline's pattern of leaving jobs without having any meaningful job prospects in place and found this particularly troubling given his outstanding debts.

{¶ 6} For instance, Kline was employed from January 2006 until April 2006 by Deluxe Business Systems, but quit this position because he found it tedious. When Kline quit this job, most of the debts noted above were outstanding. After quitting Deluxe Business Systems, Kline was unemployed for two and one-half months. He then accepted employment with a temporary agency and was placed on an assignment that he left after four days because he again found it tedious. Kline was unemployed for approximately five weeks before accepting another assignment from the temporary agency. He left this assignment after one month because he was dissatisfied with the nature of the work and was unemployed for about one month. He took a job at a pizzeria, but quit after only five days due to personal dissatisfaction with the work.

{¶ 7} At the time of the hearing, Kline worked for a plant nursery and had held that position for about three months. During the hearing, Kline submitted a budget detailing his financial plans through October 2007. Under this plan, Kline would reduce his debt, but an outstanding balance of approximately $1,600 would remain.

{¶ 8} The board concluded that Kline had offered no evidence demonstrating a legitimate justification for not resolving his debts. The board noted that, although he is presently focused on resolving his debts, this was not the case for a significant period of time. Since graduating from law school in May 2004, Kline has failed to maintain steady employment and has generally shown a lack of direction. The board faulted Kline because, due to dissatisfaction over his duties, he chose to leave positions without first having found work that suited his expectations.

{¶ 9} The board also had reservations about Kline's ability to live within his proposed financial budget. According to the board, Kline's plan was not realistic, because it allocated virtually all of his wages to paying off debts, left very little for living expenses, and assumed that he would have no other future expenses. The board remained concerned that—in light of Kline's sporadic work history— he would not be able to follow the budget.

### Review

{¶ 10} Kline does not challenge the board's findings and recommendation. We have reviewed the board's record and its report, and we agree that the reservations expressed by the board are justified. A bar applicant's tendency toward financial irresponsibility makes him a risk for entrustment with the duties owed

clients, the courts, adversaries, and others in the practice of law. *In re Application of Ford,* 110 Ohio St.3d 503, 2006-Ohio-4967, 854 N.E.2d 501, ¶ 22. "We expect applicants for admission to the Ohio bar and bar members to scrupulously honor all financial commitments." *In re Application of Manayan,* 102 Ohio St.3d 109, 2004-Ohio-1804, 807 N.E.2d 313, ¶ 14. Therefore, we disapprove Kline for admission at this time but order that he may reapply for the February 2008 bar examination.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., dissents and would allow respondent to reapply as of July 2008.

———

Law Offices of Gerald J. Glinsek and Gerald J. Glinsek, for Akron Bar Association.

Robert S. Kline, pro se.