[Cite as *In re Application of Webber,* 137 Ohio St.3d 67, 2013-Ohio-4514.]

IN RE APPLICATION OF WEBBER.

[Cite as *In re Application of Webber,* 137 Ohio St.3d 67, 2013-Ohio-4514.]

*Application by Michigan attorney for admission to Ohio bar without taking Ohio bar examination—Application disapproved for failure to prove applicant possesses requisite character, fitness, and moral qualifications—Applicant permitted to reapply for admission but must undergo full character and fitness investigation and, if approved, take and pass the Ohio bar examination.*

(No. 2011-1663—Submitted June 5, 2013—Decided October 15, 2013.)

ON REPORT by the Board of Commissioners on Character and
Fitness of the Supreme Court, No. 497.

_____

**Per Curiam.**

{¶ 1} Christopher Stanley Christman Webber of Ashland, Ohio, was admitted to the Michigan Bar in May 2002 and has applied for admission to the practice of law in Ohio without examination. A hearing before a panel of the Board of Commissioners on Character and Fitness was held to address Webber's failure to disclose two convictions for driving under the influence ("DUI") on his application for admission to the Ohio bar. In September 2011, the board recommended that we disapprove Webber's application, based on his failure to establish that he possessed the requisite character, fitness, and moral qualifications to practice law in Ohio. We remanded the matter to the board in April 2012 to investigate Webber's intervening registration for corporate status. *In re Application of Webber*, 131 Ohio St.3d 1504, 2012-Ohio-1602, 964 N.E.2d 1056. The board now unanimously recommends that we disapprove Webber's pending application and terminate his corporate registration status based on his

failure to respond to the board's inquiries on remand. We adopt the board's recommendation.

**Summary of Proceedings**

{¶ 2} In January 2011, the admissions committee of the Akron Bar Association gave its final recommendation that Webber be approved as to his character, fitness, and moral qualifications to practice law in Ohio. But the board exercised its investigatory authority pursuant to Gov.Bar R. I(10)(B)(2)(e) and appointed a panel to conduct a hearing to consider Webber's character, fitness, and moral qualifications. At the conclusion of his testimony, Webber moved the panel to dismiss his application. The panel, however, recommended that the motion be denied and that we reach a final determination regarding Webber's application.

{¶ 3} The panel found that Webber had failed to disclose two DUI convictions from the early 1990s, in response to question 23.B. of the application, which asks, "Have you ever been charged with any alcohol- or drug-related traffic violations, regardless of when they occurred?" The convictions were discovered during the application-verification process. During his interview with the local-bar-association admissions committee, he explained that he had answered no to question 23.B. because he had already given the information to the National Conference of Bar Examiners ("NCBE") in 2001 in conjunction with his Michigan bar application. He also added that his sister, an Ohio lawyer, had advised him to answer no.

{¶ 4} At the panel hearing, Webber acknowledged that the question was straightforward and understandable, but he offered varying explanations for his failure to truthfully answer the question. He retracted his earlier statement that he had relied upon his sister for legal advice in responding to the question. He also elaborated on his statement regarding his previous reporting to NCBE and claimed to recall a statement in the instructions to the Ohio application indicating

that previously disclosed information did not need to be disclosed again, though he could not explain why he applied this alleged instruction to just one question—question 23.B. And when provided with a copy of the application instructions, Webber conceded that they contained no such instruction.

**{¶ 5}** The panel observed that the instructions direct applicants, in bold letters, to "answer each question on this questionnaire fully and truthfully" and caution applicants that "[a]ny omission, untruthful answer or incomplete answer may result in your being denied the privilege of * * * practicing law in the State of Ohio." Furthermore, quoting *In re Application of Watson*, 31 Ohio St.3d 220, 221, 509 N.E.2d 1240 (1987), the instructions emphasize that "Questions 19-24 'must be fully answered regardless of expungements, bond forfeitures, dismissals or similar terminations and must include all actions or legal proceedings occurring in any court including juvenile court.' " The panel found that the instructions were clear and that Webber had "provided no clear explanation for why he chose to hide his two DUI convictions." The panel concluded that he "simply was not being forthright in his testimony."

**{¶ 6}** The panel also noted that Gov.Bar R. I(9)(A) sets forth the requirements for admission without examination and includes the requirements that an applicant has taken and passed a bar examination and been admitted to practice law in another state or in the District of Columbia, has practiced law for a specified period of time, and has not engaged in the unauthorized practice of law. As part of his application, Webber submitted an affidavit in which he averred that he served as corporate counsel for an Ohio corporation located in Ashland, Ohio, beginning in July 2009. He further stated that his job duties included counseling the company in all litigation, reviewing all contracts and other documents of legal significance, and "[c]ompos[ing], review[ing] and advis[ing] on all international contract issues and liability."

**{¶ 7}** Because his affidavit presented the possibility that Webber had engaged in the unauthorized practice of law in Ohio, the panel inquired about his Ohio employment. Webber initially indicated that he had accepted a position as corporate counsel but took a position in operations with the same company until he could be admitted to the Ohio bar. Only when confronted with his earlier affidavit did he admit that he had acted as general counsel for some period of time—perhaps more than one year, given that in August 2010, Webber's employer reported to the NCBE that Webber served as corporate counsel. The panel made no finding regarding whether Webber had engaged in the unauthorized practice of law,[1] but it expressed deep concern about his "inability to answer in a straightforward manner questions about his role and activities since he has been in Ohio."

**{¶ 8}** In light of these findings, the panel unanimously recommended that Webber's application for admission without examination be disapproved but that he be permitted to reapply in July 2013. The panel also cautioned that until he is duly admitted to the Ohio bar, Webber should not seek admission pro hac vice, register for corporate status, or otherwise practice law in Ohio. The board denied Webber's motion to dismiss his application and adopted the panel's findings of fact and recommendation that Webber's application be disapproved. But because Webber admitted that he had practiced law in Ohio without authorization, the board recommended that he be required to take the Ohio bar exam. *See* Gov.Bar R. VI(3)(C) (precluding an attorney admitted to the practice of law in another state who performs legal services in Ohio for his or her employer without first registering for corporate status from applying for admission without examination under Gov.Bar R. I).

---

1. Nor does it appear that Webber has been charged with the unauthorized practice of law pursuant to Gov.Bar R. VII.

**{¶ 9}** In April 2012, we remanded this matter to the board for investigation of apparent inconsistencies between the record evidence in this case and the information provided by Webber in the questionnaire that he submitted to the Office of Attorney Services with his September 2011 certificate of registration for corporate status. *In re Application of Webber*, 131 Ohio St.3d 1504, 2012-Ohio-1602, 964 N.E.2d 1056. Citing Webber's failure to respond to the board's communications on remand, the board unanimously recommends that Webber's application be disapproved and that his registration for corporate status in Ohio be terminated.[2]

### Disposition

**{¶ 10}** An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." *Id.*

**{¶ 11}** In determining that Webber had not proved that he possesses the requisite character, fitness, and moral qualifications, the board considered the factors set forth in Gov.Bar R. I(11)(D)(3) and (4). The board has expressed concern regarding Webber's lack of honesty and candor in explaining his failure to disclose his two DUI convictions. *See* Gov.Bar R. I(11)(D)(3)(g), (h), and (i). Webber did not challenge the board's findings or its recommendation and failed to cooperate in the board's investigation on remand.

---

2. Although Webber registered for corporate status on September 13, 2011, he has not timely registered for the 2013-2015 biennium, nor has he notified the Office of Attorney Services in writing that his full-time employment with an Ohio employer has been terminated, as required by Gov.Bar R. 6(3)(A).

**{¶ 12}** Based upon the foregoing, we agree that Webber has failed to prove that he currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio. We therefore adopt the board's findings of fact, disapprove Webber's application for admission without examination, and terminate his registration for corporate status. Should Webber desire to practice law in the state of Ohio in the future, he may apply to take the bar examination and submit to a full character and fitness investigation by the appropriate bar-association admissions committee. Until he is duly admitted to the Ohio bar, he shall not seek admission pro hac vice, register for corporate status, or otherwise practice law in this state.

                                    Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Christopher Stanley Christman Webber, pro se.

Kim Richard Hoover, for the Akron Bar Association.

_____