In re Application of Holzhauser.

[Cite as *In re Application of Holzhauser* (1993), 66 Ohio St.3d 43.]

(No. 92–1917—Submitted January 13, 1993—Decided March 3, 1993.)

44

*Timothy J. Ucker*, for Board of Commissioners on Character and Fitness.
*Charles W. Kettlewell*, for applicant.

---

*Per Curiam.* Gov.Bar R. I(10)(D)(3) states in part:

"A record manifesting a significant deficiency in the honesty, trustworthiness * * * or reliability of an applicant may constitute a basis for disapproval of the applicant."

On review of the evidence before us, we find that the above-described deficiency exists in this case. Accordingly, we adopt that portion of the board's report which recommends that applicant's present application for admission to the bar be denied.

However, based on Dr. Tallman's January 7, 1993 supplemental narrative, filed in this court after the board's report, we are not persuaded that applicant completely lacks rehabilitation potential. We note that biweekly therapy is scheduled to continue through at least September 1993, and are encouraged by Dr. Tallman's interim assessment:

"She [applicant] continues to evidence excellent progress in demonstrating her ability to generalize a model for examining and correcting her responses in interactions with others. * * * She continues to evidence significant positive changes and her prognosis for enduring change is excellent.

"* * * She has accepted full responsibility for her past and present actions and continues to pursue a path of correction that is highly likely to prevent her from engaging in similar inappropriate behavior in the future. This psychologist believes that Ms. Holzhauser has demonstrated a commitment to resolve the issues calling [in]to question her fitness for admission to the bar in the state of Ohio and her ability to adhere to all ethical standards in her profession."

Based on the foregoing, we hereby order that applicant be prohibited from reapplying for admission to the bar for two years. In the interim, applicant is to continue counseling and consult with an independent psychologist or psychiatrist satisfactory to the board. The independent specialist is to periodically report to the board pursuant to a schedule established by the board. At the expiration of the two-year period, the board is to review applicant's application for admission and make a recommendation to this court. The results of applicant's July 1991 Ohio Bar Examination shall remain sealed until applicant is approved as to her character, fitness, and moral qualifications for admission to the practice of law in Ohio.

*Judgment accordingly.*

A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., and WRIGHT, J., dissent and would not permit applicant to reapply for admission to the bar for three years.