IN RE APPLICATION OF CLARK.

[Cite as *In re Application of Clark,* **135 Ohio St.3d 252, 2013-Ohio-732.**]

*Attorneys—Candidates for admission to bar—Character and fitness investigation—Dishonest answers on questionnaire—Application for admission denied; reapplication permitted.*

(No. 2012-1495—Submitted January 9, 2013—Decided March 5, 2013.)

ON REPORT by the Board of Commissioners on Character and

Fitness of the Supreme Court, No. 516.

_____

**Per Curiam.**

{¶ 1}   Andrew Logan Clark of Columbus, Ohio, is a 2010 graduate of the Florida Coastal School of Law and has applied to register as a candidate for admission to the Ohio bar.  Based on findings that Clark knowingly made false statements throughout the admissions process, failed to demonstrate that he understands the seriousness of his conduct, and failed to express any remorse, the Board of Commissioners on Character and Fitness recommends that we disapprove Clark's application at this time but that we permit him to reapply to take the July 2017 bar exam.  We adopt the board's findings of fact and recommendation.

**Summary of Proceedings**

{¶ 2}   The admissions committee of the Columbus Bar Association first interviewed Clark on January 26, 2011, and recommended that his application be approved.  But noting Clark's failure to disclose numerous traffic violations on his application, the Board of Commissioners on Character and Fitness returned his file to the bar association for further review.

**{¶ 3}** After conducting further investigation and interviewing Clark a second time, the bar association recommended that his application be disapproved. Clark appealed that decision to the Board of Commissioners on Character and Fitness pursuant to Gov.Bar R. I(12).

**{¶ 4}** A panel of the board conducted a hearing on November 17, 2011, in which Clark admitted providing false answers on his application to register as a candidate for admission to the practice of law. Specifically, on his August 27, 2010 application to register as a candidate for admission to the practice of law, he answered "No" to the question "Have you been charged with any moving traffic violations that were not alcohol- or drug-related during the past 10 years?" In reality, Clark had no fewer than 14 moving violations, some of which had occurred while he was driving under a suspended license. At the hearing, he admitted that he had known that he had a responsibility to answer the question honestly and that he had failed to do so on both his application to register as a candidate for the bar exam and on his subsequent application to take the February 2011 bar exam, despite his continuing duty to update the information contained in those applications. *See* Gov.Bar R. I(2)(F) and (3)(F).

**{¶ 5}** Clark gave no less than four explanations for falsely answering the question. First, he said, "I did not think the traffic offenses were the kind of thing that had to be disclosed. I did not think it was serious enough." Next, he said, "I thought that I had answered the questions the way that they should have been answered. But I knew that I'd also done it [answered the questions on the application] with a lot more speed and a lot more brevity than some of the ones we as lawyers should." Then, Clark said, "So as at least a partial explanation, I would say that I always knew that this would be disclosed even if it didn't appear on my application, that there would be knowledge in the State of Ohio that I did have traffic violations." And finally, he explained, "At the time I believed that I was being honest because I believed that I did not have the responsibility to

disclose things that I thought were either not important enough or already disclosed."

**{¶ 6}** After the November 2011 hearing, the panel learned that Clark had also applied to take the February 2012 bar exam. In that application, he disclosed that a default judgment had been entered against him as a result of his failure to pay Columbus city income taxes from 2002 through 2007 and represented that he was "currently in the process of satisfying" it. Having conducted a further investigation and discovered apparent inaccuracies in Clark's answers, the panel convened a second hearing in May 2012.

**{¶ 7}** At the second hearing, Clark admitted that his statement that he was in the process of satisfying the default judgment against him was false but claimed that that was why he had added a second sentence, which stated, "I am fully aware of this debt and I am currently working two jobs in order to obtain funds to correct this issue as soon as possible." When asked why he had not simply deleted the known false statement, Clark answered, "I don't know, sir."

**{¶ 8}** The panel also questioned Clark about why he had not disclosed this income-tax delinquency on his August 2010, September 2010, or March 2011 applications. He replied that he did not learn of the delinquency until August or September 2011. The panel, however, did not find this explanation credible, given the volume of notices that the city began to send in April 2006 to the Gahanna residence that Clark's father occupied through 2006 and Clark's admission that he did receive mail at that address.

**{¶ 9}** Additionally, the panel found that Clark had falsely answered the question "Have you ever defaulted on any student loans?" by responding "No." In his testimony, however, Clark admitted that he had been in default on his student loans at some point in time, though he claimed that his loans were in forbearance at the time of the hearing.

**{¶ 10}** The panel felt that Clark himself best summarized the shortcomings of his character when he explained, "I have a—I have exhibited an inability to be honest when—when there's a gigantic amount of embarrassment involved, when there is nothing I can do. I felt very helpless, and I had difficulty being honest." Despite this revelation, the panel noted, Clark failed to demonstrate any remorse or appreciation for the seriousness of his conduct.

**{¶ 11}** The panel found that Clark failed to demonstrate that he currently possesses the requisite character and fitness to practice law. Although the panel believed that some of his traffic violations "could be written off as youthful indiscretions," it expressed deep concern about his numerous attempts to mislead the board and this court about the unflattering aspects of his past. Believing that his dishonesty disclosed a profound weakness in his character—a weakness that the panel doubted could be corrected with time—the panel recommended that Clark be prohibited from reapplying for admission to the bar in the future.

**{¶ 12}** The board adopted the panel's findings of fact and found that Clark does not currently possess the character, fitness, and moral qualifications necessary to practice law. In light of his willingness to admit his difficulty in being honest in trying circumstances, the board expressed its belief that with time and maturity, Clark could one day come to understand the critical role that honesty and forthrightness play in the legal profession. Therefore, the board recommends that we disapprove Clark's character and fitness at this time but that we permit him to reapply to take the July 2017 bar exam.

### Disposition

**{¶ 13}** An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). "A record manifesting a significant deficiency in the honesty, trustworthiness,

diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." Gov.Bar R. I(11)(D)(3).

{¶ 14} In determining whether the record demonstrates such a deficiency, we consider a number of factors, including an applicant's failure to provide complete and accurate information regarding his or her past; false statements, including omissions; acts involving dishonesty, fraud, deceit, or misrepresentation; and neglect of financial responsibilities. *See, e.g.*, Gov.Bar R. I(11)(D)(3)(g), (h), (i), and (k). Based upon Clark's numerous false statements and omissions throughout the admissions process and his neglect of his financial responsibilities, as demonstrated by the default judgment entered against him for delinquent tax obligations, we agree that Clark has failed to sustain his burden at this time. Furthermore, we agree that his belated candor in acknowledging his struggle to be honest when the truth proves to be embarrassing offers a glimmer of hope that he will mature and learn from his past mistakes.

{¶ 15} Accordingly, we adopt the board's finding that Clark has failed to prove that he currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio, and we disapprove his pending application. We will, however, permit Clark to reapply to take the July 2017 bar exam but will require him to submit a new application to register as a candidate for admission to the practice of law, as well as an application to take the bar exam, and to satisfactorily complete a new character-and-fitness investigation.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Andrew Logan Clark, pro se.

William Reddington, for the Columbus Bar Association.

_____