IN RE APPLICATION OF WORTHY.

**[Cite as *In re Application of Worthy,* 136 Ohio St.3d 142, 2013-Ohio-3018.]**

*Attorneys—Character and fitness—Recent felony-theft conviction and failure to disclose academic misconduct on law-school and bar-admission applications—Application to take the bar exam disapproved—Applicant may apply to take the July 2014 bar exam.*

(No. 2013-0421—Submitted May 8, 2013—Decided July 16, 2013.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 540.

_____

**Per Curiam.**

**{¶ 1}** Michele Yulana Worthy of Beavercreek, Ohio, is a January 2013 graduate of the University of Dayton School of Law and has applied to register as a candidate to sit for the February 2013 bar exam. Based on findings that she was convicted of a fifth-degree-felony theft offense during her senior year in college and that she had failed to disclose an incident of academic misconduct on her law-school and bar-exam applications, the Board of Commissioners on Character and Fitness recommends that we disapprove Worthy's application for the February 2013 bar exam but permit her to reapply to take the July 2013 bar exam.[1] We adopt the board's findings of fact but will allow her to reapply for the July 2014 bar exam.

_____

1. It would not be possible for Worthy to apply for the July 2013 bar exam, since the registration period has passed.

**Facts**

{¶ 2}   The admissions committee of the Greene County Bar Association first interviewed Worthy on August 23, 2012, and issued a provisional report recommending that her application be approved.   On October 31, 2012, she applied to take the February 2013 bar exam.   Because Worthy had been convicted of a felony, however, Gov.Bar R. I(11)(D)(5)(a) required her to submit to a review by the board in accordance with Gov.Bar R. I(12).

{¶ 3}   A panel of the board conducted a hearing on January 10, 2013.   In its report, the panel found that Worthy received her undergraduate degree from the Ohio State University in the spring of 2009 and worked as an assistant teacher for one year before beginning her law studies at the University of Dayton in the fall of 2010.

{¶ 4}   During Worthy's senior year of college, while she was supporting herself and putting herself through school, she fell short on funds following an illness that caused her to miss work.   She and a friend planned to shoplift designer jeans from a store and then sell them, but they were caught shoplifting by the store's security officers.

{¶ 5}   Worthy was represented by a public defender and as a first-time offender entered into a diversion program.   She was sentenced to community service and one year of community control and was ordered to pay restitution of $1,100.   She completed 80 hours of community service, made restitution within one year, and was released from community control.   This offense has since been expunged from Worthy's record.

{¶ 6}   Worthy fully disclosed her felony conviction on both her application to law school and her application to register as a candidate for admission to the practice of law.   She testified that she had never before done anything like that and only later learned that her accomplice had previously shoplifted at the same location and was on the store's watch list.   The panel found

that Worthy was so ashamed of the incident that she lost her composure at times during her testimony. She testified that she had not done anything wrong in the three and a half years since that incident and that she had tried to give back to the community by participating in philanthropic and community-service activities, including going to Panama to assist with HIV testing and educational workshops. Worthy stated that if she is faced with financial difficulties in the future, she will not do something "crazy" like this. She also made it clear that her actions had greatly disappointed her family and that she would never want to repeat them.

{¶ 7} The panel next inquired about an incident of academic misconduct that Worthy had revealed during her interview with the admissions committee of the Greene County Bar Association. As an undergraduate, Worthy submitted a paper for one of her courses that included material plagiarized from a website. When asked why she had not reported this incident on her application to register as a candidate for admission to the bar, she explained that she had not answered yes to the question about warnings, academic probations, and similar occurrences, because answering yes would require her to answer follow-up questions regarding the incident and she had been unable to obtain the detailed information about the sanction imposed by the school. She stated that she had intended to supplement her application once she obtained that information, but that she had forgotten to do so.

{¶ 8} In making its provisional recommendation that Worthy's application be approved, the local bar association admissions committee had considered her plagiarism and failure to disclose it on the application to register as a candidate for admission to the bar. At the panel hearing, however, a panel member noted that the National Conference of Bar Examiners character-and-fitness-investigation summary included a page from Worthy's application to the University of Dayton School of Law on which the following question was asked: "Have you ever been dropped, suspended, warned, disciplined, placed on

scholastic or disciplinary probation, expelled or requested to resign, or allowed to resign in lieu of discipline from any high school, college, or university, or requested or advised by any such institution to discontinue your studies therein?" Worthy had answered no, although she testified that the Committee on Academic Misconduct had told her that she "couldn't have another incident of plagiarism" and that she had understood this to mean that she was on academic probation. But on further questioning by the panel, she stated that she did not remember answering no to the question and that she could not explain her reason for having done so. The panel noted that the question on the law-school application was virtually identical to the question at issue on the application to register as a candidate for admission to the bar. And since Worthy had admitted knowing that she should have answered yes to the question on her application to register as a candidate for admission to the bar, the panel found it difficult to believe that she would not have understood that she should have answered yes to the law-school-application question.

**{¶ 9}** The panel found that Worthy had engaged in two instances of dishonesty when faced with minor emergencies—shoplifting when she was short on cash and plagiarizing when she fell behind in a college course. The panel also found that she had intentionally failed to disclose her plagiarism on her application to register as a candidate for admission to the bar. The majority of the panel found, however, that the incidents of theft and plagiarism appeared to be "isolated acts of dishonesty in the context of an individual who ordinarily follows the rules." The majority further speculated that Worthy's failure to timely disclose her plagiarism revealed a lack of awareness of the professional conduct expected of lawyers. Believing that Worthy had gained some maturity and a better understanding of what is expected of persons in the legal profession, and noting her responsible handling of her volunteer and paid employment during her law-school career, the majority of the panel recommended that her character,

fitness, and moral qualifications be approved. Citing Worthy's tendency to cut corners when under pressure, the short time that had passed since her felony conviction, and her failure to disclose her plagiarism on two separate occasions, the dissenting panel member voted to disapprove her current application and permit her to reapply for the February 2014 bar exam.

{¶ 10} The board's findings of fact mirror those of the panel, but the board was not convinced that Worthy understood the significance of her failure to disclose and explain the circumstances of her academic probation on her law-school application and her application to register as a candidate for admission to the bar. The board found that Worthy was in her early 20s at the time of her felony conviction, that she did not have a prior criminal record, that she had been released from community control, and that the record of her conviction had been expunged. But the board expressed concern that less than four years had elapsed since her conviction.

{¶ 11} While the board believed that Worthy had learned from her mistakes and that she might be able to satisfy the character-and-fitness standards in the near future, it found that she had failed to demonstrate that she currently possesses the requisite character, fitness, and moral qualifications to be approved for admission to the practice of law in Ohio. We agree.

## Disposition

{¶ 12} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." Gov.Bar R. I(11)(D)(3).

{¶ 13} In determining whether the record demonstrates such a deficiency, we consider a number of factors, including an applicant's failure to provide

complete and accurate information regarding his or her past; false statements by the applicant, including omissions; and acts committed by the applicant involving dishonesty, fraud, deceit, or misrepresentation. *See* Gov.Bar R. I(11)(D)(3)(g), (h), and (i). Based upon Worthy's failure to disclose her academic misconduct on both her law-school and bar-admission applications and her relatively recent felony-theft conviction, we agree that she has failed to sustain her burden at this time.

{¶ 14} Accordingly, we adopt the board's finding that Worthy has failed to prove that she currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio and disapprove the pending application. However, we believe that with time, Worthy may be able to prove that she meets the requisite qualifications, and we therefore permit her to reapply for the July 2014 bar exam, at which time she will be subject to a new character-and-fitness investigation.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Michele Yulana Worthy, pro se.

Amy S. Boland, for the Greene County Bar Association.

_____