*73 French, J.,
concurring in part and dissenting in part.
{¶ 22} Joseph Victor Libretti Jr. concedes that he has not carried his burden of demonstrating that he presently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law, and I concur with the disapproval of his pending application. But I respectfully dissent from the majority’s judgment to forever bar Libretti from reapplying for the privilege of practicing law in this state.
{¶ 23} To be sure, Libretti’s record is troubling. It contains a serious felony conviction, morally questionable participation in and operation of a spice business following Libretti’s release from prison, concealment of information related to that business in violation of the terms of his supervised release, and a lack of honesty and candor with respect to potentially damaging information during the admissions process. Nevertheless, I cannot agree that Libretti deserves “what is essentially a death sentence” to the legal career to which he aspires. In re Application of Corrigan, 47 Ohio St.3d 32, 37, 546 N.E.2d 1315 (1989) (Sweeney, J., dissenting).
{¶ 24} A prior felony conviction does not necessarily demonstrate that an applicant lacks the present moral character necessary to practice law, In re Application of Poignon, 132 Ohio St.3d 395, 2012-Ohio-2915, 972 N.E.2d 580, ¶ 16, let alone that the applicant will never possess the necessary character, see In re Application of Davis, 61 Ohio St.2d 371, 403 N.E.2d 189 (1980) (approving, over the recommendation of the Board of Commissioners on Character and Fitness, an applicant who had been convicted of a felony). An applicant with a prior felony conviction, however, bears the additional burden of proving full and complete rehabilitation. Poignon at ¶ 16, citing In re Application of Keita, 74 Ohio St.3d 46, 48, 656 N.E.2d 620 (1995), citing In re Application of Davis, 38 Ohio St.2d 273, 275, 313 N.E.2d 363 (1974). That rule manifests the common belief that a person who has committed bad acts in the past may be rehabilitated to the extent necessary to engage in the practice of law. Imposing a permanent bar upon Libretti because he has not yet demonstrated complete rehabilitation and because he does not presently possess the requisite character, fitness, and moral qualifications is antithetical to that belief.
{¶ 25} Libretti’s postrelease conduct and lack of candor during the admissions process weigh against a finding that Libretti is fully and completely rehabilitated. They also independently weigh against a finding that he presently possesses the requisite character, fitness, and moral qualifications for admission to the bar. As with a felony conviction, however, dishonesty during the admissions process does not necessarily require permanent denial of the opportunity to apply for bar admission. Even when an applicant’s record includes both prior convictions and instances of dishonesty and deceit in the admissions process, we have permitted *74 reapplication after a specified period and, in some instances, upon compliance with stated conditions. See In re Application of Worthy, 136 Ohio St.3d 142, 2013-Ohio-3018, 991 N.E.2d 1131, ¶ 9, 14; In re Application of Corrigan, 123 Ohio St.3d 173, 2009-Ohio-4183, 915 N.E.2d 300, ¶ 9, 13, 17.
{¶ 26} We have declined to impose a draconian, permanent bar to admission when we have not been persuaded that the applicant “completely lacks rehabilitation potential.” In re Application of Holzhauser, 66 Ohio St.3d 43, 46, 607 N.E.2d 833 (1993); see also In re Application of Clark, 135 Ohio St.3d 252, 2013-Ohio-732, 985 N.E.2d 1266, ¶ 14 (finding a “glimmer of hope” that the applicant could mature and learn from past mistakes, based on “belated candor in acknowledging his struggle to be honest”).
{¶ 27} Here, Libretti has accepted responsibility for the criminal conduct that led to his lengthy prison sentence and has been open with law-school classmates, professors, and employers about that conduct and its consequences. He has spoken publicly about his past to lawyers and judges and has served as a presenter at anti-drug and health-awareness programs. Libretti has also acknowledged, albeit belatedly, his lack of honesty in the admissions process and admits that he should have been open and candid about his spice business. While Libretti’s acknowledgment of his shortcomings in no way undermines their seriousness, it does indicate the capacity for rehabilitation.
{¶ 28} In determining whether Libretti might one day prove that he possesses the necessary qualities for admission to the bar, we should not downplay Libretti’s stellar academic performance and the numerous endorsements of his ethical and professional conduct in the workplace that appear in the record. An applicant’s performance in past and current professional endeavors, including his performance in academic pursuits and ability to function in a work environment, is highly probative of the ability to function honestly and effectively in the practice of law. Davis, 61 Ohio St.2d at 374, 403 N.E.2d 189. The record here contains supportive letters from Libretti’s classmates, professors, and past and present employers. Of particular note, eight attorneys from the Cuyahoga County Public Defender’s Office have filed an amicus brief praising Libretti’s judgment, work ethic, and enthusiasm for the office’s work. When the amicus brief was filed, Libretti had served as an intern in the public defender’s office for over 18 months, and that office has agreed to continue supervising Libretti as a law clerk to further oversee his professional development. Letters from Libretti’s supervising attorneys commend his commitment, high ethical standards, and passion and respect for the law and individual constitutional rights, as well as his special understanding of and compassion for the office’s clients. In my view, the record supports the possibility that with additional time, Libretti may be able to prove that he has the necessary attributes to engage in the practice of law.
*75 Deborah Zaccaro Hoffman, for applicant.
Paul G. Crist, for the Cleveland Metropolitan Bar Association.
James F. Lentz, for amici curiae Citizens’ Institute for Law and Public Policy and CURE-Ohio, in support of applicant.
Robert J. Wall, for amicus curiae Ohio Justice & Policy Center, in support of applicant.
Robert L. Tobik, John T. Martin, Erica Cunliffe, Jeffrey M. Gamso, Linda Hricko, Paul Kuzmins, Christopher Scott Maher, and Cullen Sweeney, as amici curiae, in support of applicant.
Pamela Daiker-Middaugh, Avery Friedman, C. Timothy Murphy, Amy Hollaway, Carole Heyward, Doron Kalir, Kenneth Kowalski, Stephen Lazarus, Kevin O’Neill, John Plecnik, Peter Sayegh, Daniel Dropko, Joseph Buckley, Christopher Maher, and Dennis Terez, as amici curiae, in support of applicant.
{¶ 29} The denial of Libretti’s pending application, with an allowance that he be permitted to apply for the 2017 bar examination, would adequately protect the public and the integrity of the legal profession while not forever slamming the doors of that profession in the face of a potential asset to the Ohio bar. Of course, Libretti would still face a high hurdle in satisfying the character and fitness requirements upon reapplication, given the evidence weighing against him. It may be that in light of his past behavior, Libretti is never able to produce clear and convincing evidence that he is qualified to be a member of the Ohio bar. But in weighing his acknowledged past transgressions against the demonstrated dedication, academic success, and professional workplace conduct that Libretti has demonstrated in recent years, I cannot agree that this court should forever deny him the opportunity to meet that burden.
{¶ 30} For these reasons, I would deny Libretti’s application but allow him to apply to take the July 2017 bar examination. Accordingly, I concur in part and dissent in part.
O’Neill, J., concurs in the foregoing opinion.