**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Holzhauser-Graber,* Slip Opinion No. 2019-Ohio-4500.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4500

IN RE APPLICATION OF HOLZHAUSER-GRABER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Holzhauser-Graber,* Slip Opinion No. 2019-Ohio-4500.]**

*Attorneys—Application to register as a candidate for admission to the practice of law—Failure to provide complete and accurate information about applicant's past—Failure to prove character, fitness, and moral qualifications to practice law—Pending application disapproved—Prior bar-examination results ordered to be unsealed and released.*

(No. 2018-1425—Submitted March 26, 2019—Decided November 5, 2019.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 692.

_____

**Per Curiam.**

{¶ 1} Applicant, Gillian K. Holzhauser-Graber, of Findlay, Ohio, is a 1988 graduate of the Ohio Northern University Claude W. Pettit College of Law. On

multiple occasions, she has applied to register as a candidate for admission to the Ohio bar and to take the bar exam. On September 7, 2018, the Board of Commissioners on Character and Fitness issued a report recommending that this court disapprove Holzhauser-Graber's most recent bar-registration application, dated August 2016, and grant her motion to release her 1991 bar-exam results. Holzhauser-Graber objects to the board's report and argues that she has carried her burden of proving that she currently possesses the requisite character, fitness, and moral qualifications to be admitted to the Ohio bar. Alternatively, she argues that she should not be permanently barred from seeking admission to the Ohio bar. For the reasons that follow, we overrule Holzhauser-Graber's objection and disapprove her pending application but we order that her 1991 bar-exam results be unsealed. At this time, we make no final determination whether Holzhauser-Graber will be permanently barred from reapplying for admission to the Ohio bar.

### Procedural History

{¶ 2} In 1988, when Holzhauser-Graber first sought admission to the practice of law, the board considered allegations leveled against her in two 1984 probate cases—namely, that she had engaged in certain improprieties regarding the assets of her deceased mentor. While the board determined that the allegations were unsubstantiated, it also found that Holzhauser-Graber lied under oath about who had written certain exculpatory evidence that she presented at her admissions hearing, and it recommended that she not be permitted to take the bar exam prior to February 1991. Notwithstanding that recommendation, this court allowed her to take the February 1989 bar examination based on evidence that her already poor vision was deteriorating but ordered that her results be sealed until the February 1991 exam results were released. *In re Application of Holzhauser*, 42 Ohio St.3d 701, 536 N.E.2d 1175 (1989). This court further ordered Holzhauser-Graber to submit a supplemental character questionnaire to show her character and fitness before the deadline for the February 1991 bar exam. Holzhauser-Graber submitted

a supplemental questionnaire and her character and fitness were approved in January 1991. In May 1991, her 1989 bar-exam results were released; she did not pass that exam.

{¶ 3} Because Holzhauser-Graber's character and fitness had been approved, she was permitted to sit for the July 1991 bar exam. However, before the results for that exam were released, the president of the Findlay/Hancock County Bar Association contacted the board to relay allegations that Holzhauser-Graber had perjured herself during the trial of a civil action that she had filed against Blanchard Valley Hospital. This court then sealed Holzhauser-Graber's July 1991 bar-examination results, pending further review of her character, fitness, and moral qualifications for admission to the practice of law.

{¶ 4} A panel of the board commenced an investigation and found that Holzhauser-Graber had perjured herself in the trial. Consequently, the board recommended that her application be denied and that she not be permitted to reapply for admission. This court agreed that Holzhauser-Graber should not be approved for admission but determined that she could reapply after two years, provided that she participated in counseling and consulted with an independent psychologist or psychiatrist approved by the board. The court further ordered Holzhauser-Graber's July 1991 bar-exam results to remain sealed until she received approval as to her character, fitness, and moral qualifications for admission to the practice of law in Ohio. *See In re Application of Holzhauser*, 66 Ohio St.3d 43, 607 N.E.2d 833 (1993). Her 1991 bar-exam results remain sealed.

{¶ 5} Since 1991, Holzhauser-Graber's applications for admission have been denied several times. In 1996, this court, without explanation, rejected the board's recommendation that her 1995 application be approved and ordered her to wait an additional two years before reapplying for admission. *In re Application of Holzhauser*, 74 Ohio St.3d 1518, 660 N.E.2d 473 (1996).

{¶ 6} In January 2000, the admissions committee of the Findlay/Hancock County Bar Association recommended that her 1998 application be denied based on findings that Holzhauser-Graber had helped conceal her father's assets to obtain financial assistance for his care. She did not appeal that decision, and pursuant to Gov.Bar R. I(12)(B), her application was considered withdrawn.

{¶ 7} In 2014, the admissions committee recommended that her 2013 application be disapproved. That recommendation was based, in part, on her failure to disclose her lawsuit against the Blanchard Valley Hospital and her subsequent mischaracterization of that litigation during her character and fitness interview. Holzhauser-Graber timely appealed that recommendation but later withdrew the appeal.

### The Current Proceedings

{¶ 8} Holzhauser-Graber filed her current application on August 8, 2016. In July 2017, the admissions committee of the Findlay/Hancock County Bar Association recommended that her application be disapproved and that she be permanently barred from reapplying for admission to the Ohio bar. The committee cited Holzhauser-Graber's 30-year history of lies that culminated in (1) her failure to disclose on her application that she had been named as a party in two 1984 probate cases,[1] (2) her failure to answer the admissions committee's questions about those cases, and (3) her attempt to diminish the significance of those cases in a supplemental disclosure.

{¶ 9} Like the admissions committee, the board was very troubled that Holzhauser-Graber had failed to disclose previous litigation on her two most recent applications. Holzhauser-Graber not only failed to candidly and accurately describe the Blanchard Valley Hospital litigation to the admissions committee in her 2014 character and fitness interview, but she also gave confusing or evasive

---

1. The allegations leveled against Holzhauser-Graber in those probate cases were the primary focus of her initial character and fitness proceeding.

testimony at her most recent character and fitness hearing when she was asked questions regarding her 2014 character and fitness interview. Furthermore, during her most recent character and fitness hearing, Holzhauser-Graber was unable to accurately describe the procedural history of her 2013 application—initially declining to state whether the admissions-committee recommendation was adverse to her and then stating that she was unable to recall whether she had appealed the committee's recommendation.

{¶ 10} While the board recognized that Holzhauser-Graber had presented evidence demonstrating "good character and fitness and the ability to conduct herself appropriately *in many realms of her life*," (emphasis added), it also determined that she continues to have great difficulty providing complete and truthful answers in these character and fitness proceedings. Therefore, the board found that she had failed to carry her burden of proving that she currently possesses the character and fitness required for admission to the Ohio bar. Although the board did not address the admissions committee's recommendation that Holzhauser-Graber be permanently barred from reapplying, it recommended that we grant her motion to release her 1991 bar-exam results.

**Holzhauser-Graber's Objection**

{¶ 11} Holzhauser-Graber objects to the board's findings, arguing that she carried her burden of proving that she currently possesses the requisite character, fitness, and moral qualifications to be admitted to the Ohio bar upon successful passage of the bar exam. Alternatively, she urges us to permit her to reapply for admission to the bar if her current application is denied.

**Analysis and Disposition**

{¶ 12} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). An applicant's record of conduct must justify "the trust of clients, adversaries, courts,

and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." *Id.* And two factors that may demonstrate such a deficiency are evidence that an applicant has failed to provide complete and accurate information concerning the applicant's past and evidence that an applicant has made false statements, including omissions. *See* Gov.Bar R. I(11)(D)(3)(g) and (h).

{¶ 13} We acknowledge that Holzhauser-Graber presented positive character evidence at her most recent character and fitness hearing—including favorable evidence from a clinical psychologist and testimony from several witnesses who characterized her as reliable and truthful. We find, however, that the evidence is insufficient to overcome Holzhauser-Graber's lack of candor in this admissions proceeding.

{¶ 14} Over the past 30 years, Holzhauser-Graber has engaged in multiple instances of dishonest conduct in legal proceedings, including in at least four previous attempts to seek admission to the Ohio bar. She was initially denied admission based on findings that she had given false testimony under oath. And in her last two applications, Holzhauser-Graber failed to comply with instructions that required her to disclose *all* the civil legal proceedings in which she had been named a party.

{¶ 15} After the omission of the 1984 probate cases in Holzhauser-Graber's current application came to her attention, she disclosed the cases in a supplemental filing. However, she stated that she inadvertently omitted the cases from her application and that they "were resolved with no adverse consequences" to her. While it may be true that Holzhauser-Graber did not suffer any adverse consequences in those cases, as the admissions committee stated, the two probate

cases "are the genesis of the problems the [a]pplicant now faces regarding her admission to the practice of law in Ohio."

{¶ 16} Indeed, this court refused to admit Holzhauser-Graber 30 years ago based on the board's finding that she gave false testimony related to the 1984 probate cases at her 1988 character and fitness hearing. Yet, on Holzhauser-Graber's subsequent applications, she was less than candid when she was required to "[p]rovide a brief narrative explanation of the circumstances surrounding the reason for any withdrawals of applications or failures to be admitted (other than those due to failing the examination)." Specifically, in her last two applications, she stated, "Took Feb. '89 exam. Results sealed pending resolution of character and fitness. Unsealed and I had failed. See Explanation to Ques. #6, attached." Although she did attach documentation, including the board's report and our 1989 order to her two most recent applications, she was less than forthcoming about the facts that (1) her character and fitness were *disapproved*, (2) her application was *deferred* in 1988, and (3) she was only granted permission to take the February 1989 bar exam due to an extenuating circumstance—namely, the possibility that she could be totally blind by the time she would be permitted to reapply and take the February 1991 bar exam.

{¶ 17} In addition to failing to disclose the 1984 probate cases or accurately represent the disposition of her initial application, Holzhauser-Graber's current application includes other concerning responses. For example, Holzhauser-Graber explained the disposition of her 1998 application as follows: "Based on change in personal circumstances, I did not proceed. Deemed withdrawn under the Rules. '91 exam results still sealed." The application was considered withdrawn pursuant to Gov.Bar R. I(12)(B) only because Holzhauser-Graber chose not to appeal the adverse recommendation of the admissions committee. In addition, Holzhauser-Graber failed to disclose her 2013 application and the reason she was not admitted

on the face of her current application—though she did mention it briefly in an attachment to that application.

{¶ 18} We find that Holzhauser-Graber's failure to make a full and complete disclosure of her past litigation and her less-than-candid explanations of her application history on her current application for admission manifest a significant deficiency in her honesty, trustworthiness, diligence, and reliability. Given the recency and seriousness of that conduct, combined with her extensive history of providing less than candid—and sometimes blatantly false—information in connection with her character and fitness proceedings, we overrule Holzhauser-Graber's objection and find that she has failed to carry her burden of proving by clear and convincing evidence that she possesses the requisite character, fitness, and moral qualifications for admission to the bar at this time. We make no final determination whether Holzhauser-Graber will be permanently barred from reapplying for admission to the Ohio bar. Nevertheless, we agree that the release of Holzhauser-Graber's 1991 bar-exam results will assist the parties and this court in determining how to proceed with this matter going forward.

{¶ 19} Accordingly, we disapprove Holzhauser-Graber's pending application to register as a candidate for admission to the practice of law, but we order that her results from the 1991 bar examination be unsealed and released.

Judgment accordingly.

FRENCH and DONNELLY, JJ., concur.

O'CONNOR, C.J., and STEWART, J., concur in part and dissent in part, and would not unseal or release the results of applicant's 1991 bar examination.

KENNEDY, J., concurs in part and dissents in part, with an opinion.

DEWINE and FISCHER, JJ., concur in part and dissent in part, and would permanently bar applicant from applying for readmission to the Ohio bar.

_____

**KENNEDY, J., concurring in part and dissenting in part.**

{¶ 20} The majority's decision to release the 1991 bar-examination results of applicant, Gillian K. Holzhauser-Graber, runs counter to two previous orders of this court ordering that those results remain sealed. Holzhauser-Graber has done nothing since those results were sealed to earn the right to see her results. The majority's decision today can be read only as telegraphing the hope that the results will reveal that Holzhauser-Graber failed to pass the 1991 bar examination and that her decades of on-again, off-again attempts to prove that she has met the character and fitness requirements for admission to the bar will mercifully end. But like other applicants to the bar, Holzhauser-Graber should have to demonstrate that she meets Ohio's character and fitness requirements before she may learn whether she has passed the bar examination.

{¶ 21} Pursuant to Gov.Bar R. I(1)(D), to be admitted to the practice of law in Ohio, an applicant must, "[p]rior to taking the Ohio bar examination[,] * * * have demonstrated that the applicant possesses the requisite character, fitness, and moral qualifications for admission to the practice of law and have been approved as to character, fitness, and moral qualifications under procedures provided in this rule." Therefore, since every applicant must meet character and fitness requirements before even getting to sit for the bar examination, it follows that they must have met character and fitness requirements before they may learn the results of the bar examination.

{¶ 22} Here, the Admissions Committee of the Findlay/Hancock County Bar Association ("committee") approved Holzhauser-Graber pursuant to the character and fitness process prior to her taking the July 1991 bar examination. *In re Application of Holzhauser*, 66 Ohio St.3d 43, 607 N.E.2d 833 (1993). But this court effectively rescinded that approval after new allegations regarding Holzhauser-Graber's honesty arose between the time she took the July 1991 bar examination and the date that this court announced the results from that

examination. This court, in addressing those allegations, ordered that Holzhauser-Graber's July 1991 examination results "shall remain sealed until applicant is approved as to her character, fitness, and moral qualifications for admission to the practice of law in Ohio." *Id.* at 46. When she reapplied for admission in 1995, this court denied her application, barred her from reapplying for two more years, and ordered that "upon reapplication, the applicant shall undergo further review of her character, fitness, and moral qualifications." *In re Application of Holzhauser*, 74 Ohio St.3d 1518, 660 N.E.2d 473 (1996). This court also repeated the order regarding the sealing of Holzhauser-Graber's bar-examination results: "It is further ordered that the applicant's results from the July 1991 Ohio bar examination remain sealed until such time as she is approved as to her character, fitness, and moral qualifications for admission to the practice of law." *Id.* Subsequently, after she submitted applications in 1998 and 2013 but then withdrew her appeals from the adverse decisions that she received from the committee, she has never received approval as to her character, fitness, and moral qualifications for admission to the practice of law in Ohio.

{¶ 23} I concur in the majority's holding in this case that once again, Holzhauser-Graber has failed to prove by clear and convincing evidence that she possesses the requisite character, fitness, and moral qualifications for admission to the bar. *See* Gov.Bar R. I(11)(D)(1). But I dissent from the majority's decision ignoring our two previous orders sealing Holzhauser-Graber's results from the July 1991 bar examination. Those results should remain sealed. Other applicants do not get to know whether they have passed the bar examination before passing a character and fitness evaluation, and neither should Holzhauser-Graber. And we should respect this court's earlier orders. Holzhauser-Graber still has not met the conditions that this court previously imposed. She should receive her results only if she meets those conditions; this court should not give in to Holzhauser-Graber's desires by removing the conditions.

{¶ 24} Instead, the majority rewards Holzhauser-Graber for her consistent and persistent mendacity. Although she has failed time and again in receiving approval of her character and fitness for purposes of being able to practice law in Ohio, she still gets to peek at her bar-examination results to spare this court and the committee another unnecessary character and fitness evaluation if it turns out that she failed the 1991 bar examination (assuming she does not reapply for the bar examination). It may seem like a practical solution, but at what cost? Holzhauser-Graber has done nothing since this court sealed her results from the 1991 bar examination to merit an unsealing. By breaking that seal, the majority weakens this court's rules, lowers the standard of behavior for bar applicants, and disregards this court's prior orders. The guiding light in discipline and admissions cases is our precedent, and this court will have to explain away the result in this case in cases to come.

{¶ 25} Accordingly, I dissent in part.

_____

F. Stephen Chamberlain and Bruce Comly French, for applicant.

Christian H. Pedersen, for the Findlay/Hancock County Bar Association.

_____